FRANÇOIS GERBER *v.* SALVADOR VIOSCA and another.

Where one employed by the lessee of a market to collect his dues, but not to superintend its police, causes a person to be arrested for making a disturbance in the market, the act not being within the scope of his authority as agent, cannot subject the principal to damages for any injury resulting therefrom.

A judgment of nonsuit in a prosecution in the name of the city, instituted before a magistrate for the recovery of the fine imposed for a disturbance of the public peace, is not conclusive evidence, in an action for false imprisonment, against the parties at whose instance the plaintiff was arrested.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Grivot* and *Castera*, for the plaintiff.

*Latour*, *Preaux* and *Bodin*, for the appellants.

BULLARD, J. This is an action for false imprisonment. The plaintiff states, that he was attending to his business, that of a butcher in the market, when Manzoni wrongfully told him to leave his stall, and was about to turn him out, when one Lanatta, the agent of the defendant Viosca, who is the farmer of the butchers' market, came, and under pretence that the petitioner was making a great scandal, asserted that he had a right to expel him from the premises, and so he and Joseph Prados took him forcibly, and confined him in jail. The action is against the principal, Viosca, and Prados, who was acting in the market as a police officer. The jury gave a verdict for $500, which the

court refused to set aside; and from a judgment rendered thereon, the defendants have appealed.

The evidence does not show any cause of action against Viosca. Lanatta in provoking or procuring the arrest of the plaintiff by a commissary of police, cannot be said to have been acting within the scope of his authority as agent of Viosca. It appears to have been his business as agent to collect the market dues, and not to superintend the police of the market. He acted on his own responsibility, when, under the impression that the plaintiff was creating a disturbance in the market, he called upon the commissary to interfere.

It appears, that the plaintiff had been occupying for some time a stall in the market, which he had hired of Manzoni. On the morning on which this arrest took place, Manzoni came very early, and took possession of the stall. On the plaintiff's arrival he found himself dispossessed, and meat belonging to Manzoni on his table. He inquired to whom the meat belonged, and Manzoni replied that he was the owner. The plaintiff requested him to take it away, but he refused. He repeated the request, and was again refused; whereupon Gerber pushed the meat on one end of the table, and Manzoni shoved it back. This operation was repeated, and then the plaintiff threw the meat upon the ground. Manzoni went for Lanatta, who came and afterwards went away, and after some time came back with Prados, and took the plaintiff into custody. One witness, who tells us that the trade of a butcher has been hereditary in his family for two hundred years, testifies, that the thing passed off very quietly, but that if a large fly goes through the market it would occasion a noise.

Thus it appears the whole matter grew out of a petty squabble about the possession of a stall. If Manzoni was wrong in dispossessing the plaintiff, the latter ought to have sought redress in a legal manner, and not have endeavored to take justice into his own hands, by throwing the other's meat upon the ground.

Prados appears to have acted without malice and with probable cause, and as commissary of police, ought not to be amerced in damages, except for a clear abuse of his authority. The ordinance of the 20th of July, 1840, provides, that if any person shall, in the day time, *commit any noise* or *disturbance* at any public place,

he shall be fined not more than twenty, nor less than three dol-
lars for each offence.   The plaintiff, it appears, was prosecuted
before one of the city judges under the ordinance in the name of
the Municipality, and judgment of nonsuit entered, and a record
of the proceedings was read in evidence.   That judgment clearly
does not conclude the defendants, much less does it prove that, as
it relates to Prados, he acted without probable cause.

We conclude that the plaintiff has failed to make out his case.

It is, therefore, adjudged and decreed, that the judgment of the
District Court be reversed, and that ours be for the defendants,
with costs in both courts.