## No. 5385.

### ANDREAS RICHOUX vs. MAYER BROS.

A principal who employs an agent to do a legal thing, is not liable in damages for any illegal act of the agent done in the execution of the mandate, to which the principal was not accessory, or privy.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* Trial by jury.

*Hornor & Benedict* and *F. W. Baker*, for plaintiff and appellant.

*James H. Grover*, for defendant.

The opinion of the court was delivered by

SPENCER, J. This is an action for $10,000 damages for malicious arrest. Defendants were judgment creditors of plaintiff for some $800. Being unable to find property they employed Pecora and two other detectives to hunt it up, promising them $400 if they found property to satisfy the writ. It seems the plaintiff was a Havana lottery ticket vendor and these detectives got him arrested on a charge for unlawfully selling them. The affidavit was made by one James Lawrence, a gambler. Plaintiff was taken to the police station and his valuables, consisting of watch, chain, $100 in currency, two checks, and some lottery tickets were taken into custody, and from his person, by the prison officials, and deposited with their property clerk. Thereupon a deputy sheriff levied a *fieri facias* upon them under the judgment of Mayer Bros. vs. Richoux. Plaintiff was after about two hours bonded out and on next day the Fifth District Court ordered the sheriff to return to plaintiff his effects, which was done. No one appearing to prosecute the plaintiff, the charge was dismissed. Thereupon he brings this suit which was tried by jury, and there were verdict and judgment for defendants. Plaintiff appeals.

The evidence satisfies us as it did the jury that the defendants were not privy to and did not authorize, or know of this arrest. They are not responsible for the illegal and tortious acts of the detectives, who

Richoux vs. Mayer Bros.

were employed to find property of plaintiff for seizure under defendants' judgment. There was nothing wrong in such employment. And surely it did not authorize the employees to do the wrongful act complained of.

The judgment is affirmed with costs of both courts.