No. 1413.

### JULES BOUTTE vs. JOHN EMMER.

An officer will not be held responsible personally in damages unless it be proven that he has acted arbitrarily, in violation of law, and without regard to the functions with which he is entrusted.

Being himself at fault, plaintiff will not be allowed damages.

APPEAL from the Twenty-first District Court, Parish of Iberia. Mouton, J.

*Edward Simon* for Plaintiff and Appellant.

*L. O. Hacker* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff sues to recover $10,000 exemplary damages from the defendant, who is the Mayor of the town of New Iberia.

On the 24th of December, 1889, defendant had him arrested and imprisoned, from about 5 o'clock in the evening to about 8 A. M. of the day following.   Plaintiff complains of injury in that he was arrested without any process of law and placed in jail, maliciously and without probable cause.   That just preceding his arrest the defendant made an assault on him.

The plaintiff is a constable.

He had arrested two negroes and had taken them before a magistrate to answer to the charge of fighting and disturbing the peace.

Without formal examination into the accusation, they were ordered to be released and to pay one dollar each to the constable for having made the arrest.

He left the office of the justice of the peace, with the negroes,

without collecting the two dollars, and threatening incarceration if the amount was not found.

He was with these men some time in the street; his conduct, a witness testifies, was not orderly. Four witnesses testify that he was at the time under the influence of intoxicants.

An officer himself, he should have been sober.

The defendant met the plaintiff and spoke to him, at first remonstratingly, is the testimony of certain witnesses.

Under an ordinance of the council, the Mayor is vested with authority to punish disorderly persons by imprisonment for a short time, or the imposition of a fine, or both. In discharging the functions of his office he has certain discretion. Unless he acts arbitrarily and beyond the pale of his office, he can not be made to pay damages. .

The plaintiff's first grievance, upon which he bases some right of action, is that he was arrested without a warrant.

This ground does not commend itself; for a warrant need not issue prior to arresting a person who openly commits a breach of the peace, such as plaintiff is charged with having committed and such as the preponderance of evidence sustains. With reference to the imprisonment, the peace and good order of the community require it, and frequently one intoxicated is only improved by the experience and restored to a sober condition.

The attempt made to sever the defendant, for the purposes of this suit, from his office, and hold him responsible personally, must fail.

An officer will not be held responsible personally, unless it be clearly proven that he has acted arbitrarily and in violation of law.

The violation and arbitrariness are not proven.

Judgment affirmed at appellant's costs.