(90 South. 144)

No. 23709.

RUSHA v. W. G. COYLE CO. et al.

(Oct. 31, 1921. Rehearing Denied Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**Master and servant** ⬤➾**301 (1) — Automobile owner not liable for driver's negligence without proof of employment.**

An owner of an automobile is not liable for damages resulting from the negligence of some one else in the operation of the car, without proof or reasonable presumption that the person who operated the car was employed or authorized by the owner to operate the car.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mrs. W. S. Rusha against the W. G. Coyle Company, and the Motor Car Inn. Judgment for plaintiff against the Coyle Company, and it appeals. Judgment annulled, and plaintiff's demand rejected.

Arthur A. Moreno and L. P. Bryant, Jr., both of New Orleans, for appellant.

Wm. H. Byrnes, Jr., of New Orleans, for appellee.

O'NIELL, J. This is an action for damages for personal injuries inflicted upon plaintiff by an automobile belonging to the W. G. Coyle Company. The Motor Car Inn was made codefendant because plaintiff was in doubt as to whether the driver of the automobile was employed by the W. G. Coyle Company or by the Motor Car Inn. The district court gave judgment against the Coyle Company for $1,000; from which the company has appealed. The demand against the Motor Car Inn was rejected; and, as plaintiff has not appealed, the judgment in that respect is final.

The only question to be determined is whether the man who drove the automobile was an employee of the Coyle Company. There is a preponderance of evidence that he was not, and had never been, an employee of the Coyle Company. The latter had a contract with the Motor Car Inn to take care of the automobile, for a consideration which was payable monthly. It was the custom of the Motor Car Inn to send for the automobile and bring it to the garage every evening, on a telephone message from the Coyle Company. Whether the Motor Car Inn was under obligation to send for the car is somewhat doubtful, but not important. The evidence leaves very little doubt that the man who drove the car on the occasion of the accident had come from the Motor Car Inn. The doubt or dispute as to whose employee he was arose from the fact that he ran away when the accident occurred and has never been satisfactorily identified. There is no proof nor reasonable presumption that he was employed by, or had any authority from, the W. G. Coyle Company to drive the automobile. It would not serve any useful purpose to publish our analysis of the testimony on the question of fact, which appears to have been the only question at issue in the case, whether the man who drove the automobile was employed by the W. G. Coyle Company. The members of the profession who have occasion to refer to our decisions, as a general rule, are not concerned with our decisions of questions of fact, arising from conflicts or contradictions in the testimony. The only proposition of law, and it is indeed a simple proposition, for which our decision of this case may be re-

garded as authority, is that the owner of an automobile is not liable for damages resulting from the negligence of some one else in the operation of the car, without proof or reasonable presumption that the person who operated the car was employed or authorized by the owner to operate the car.

The judgment against the W. G. Coyle Company is annulled, and plaintiff's demand is rejected at her cost.

LAND, J., takes no part, not having heard the argument.