DAWKINS, J.
Plaintiff appeals from a judgment sustaining an’ exception of no cause of action, leveled against his petition demanding damages for personal injuries alleged to have been received through the fault of defendant’s chauffeur.
The pertinent allegations of the petition are as follows:
“(2) That on or about Wednesday, November 10, 1915, at about 7:45 o’clock p. m., on Royal street, near the corner of Canal street, in this city, petitioner was struck in the left eye by one Edward W. Miller, a chauffeur in the employ of defendant.
“(3) That at the time petitioner was crossing Royal street from the river to the woods side, when he narrowly escaped being struck by defendant’s automobile, which was driven in a careless manner by defendant’s said chauffeur.
“(4) That petitioner, in his excitement, expressed his disapprobation of the chauffeur’s action, by stating ‘You damned fool, what’s the matter with you? Can’t you see where you are going?’ or words to similar effect; but, upon seeing that there was a lady in the car, who, petitioner has since been informed, was defendant’s wife, petitioner immediately apologized for his language, and continued to the sidewalk.
“(5) That petitioner is informed and believes that defendant’s chauffeur jumped from the automobile, assaulted petitioner from the back, threw petitioner to the sidewalk, and struck him in the left eye, all without cause or provocation.
*❖#*#**
“(7) That at the time defendant’s chauffeur was acting in the course of and during his employment, in the course of his authority, to protect the occupants of the car, with his master’s work in mind, and for what he believed to be his master’s benefit.”
[1-5] We have not been favored with either a brief or oral argument on the part of appellant. However, our examination of the law, including the authorities cited by appellee, convinces us that the ordinary rules of master and servant are to be applied to the relation of chauffeur and owner of an automobile. In order to render the owner liable, the chauffeur must have acted within the scope of his employment. Berry on Automobiles, 1032, 1085, 1092; Huddy on Automobiles, p. 809, § 627. The maxim of “respondeat superior” has been considered and applied by us in a number of cases, some of which are as follows: Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 South. 631, 8 Am. St. Rep. 512; McDermott v. Am. Brewing Co., 105 La. 124, 29 South. 498, 52 L. R. A. 684, 83 Am. St. Rep. 225; Dyer v. *713 Rieley, 28 La. Ann. 6; Gerber v. Viosca, 8 Rob. 150; Etting v. Com. Bank of N. O., 7 Rob. 459; Graham v. St. Charles Ry. Co., 47 La. Ann. 1656, 18 South. 707, 49 Am. St. Rep. 486; Queen v. Schwann, 119 La. 495, 44 South. 276; Richoux v. Mayer, 29 La. Ann. 828; Vara v. Quigley Con. Co., 114 La. 262, 38 South. 162; and Godchaux v. T. & P. Ry. Co., 144 La. 1041, 81 South. 706. The rule, as laid down in all of these eases, is that, for the master to be liable, the injury must have been caused by some act expressly or by reasonable implication within the scope of the agent’s employment. If the service be performed in an unlawful, or even a criminal manner, the master is liable, so long as the thing done forms a part of the servant’s duties. Nash v. Longville Lumber Co., 148 La. 943, 88 South. 226. It is entirely possible that, by special instruction or agreement, the owner could require that his chauffeur should protect the former’s family against assault, insult, and abuse at the hands of third persons, but that is not the duty ordinarily imposed upon such a servant; his services being more or less those of a menial charged with the driving and control of the automobile. The paragraph 7 of the petition quoted above does not allege any. such special instruction or employment, but merely charges as a legal conclusion that the chauffeur was acting “in the course of his authority to protect the occupants of the car. * * * ” The situation is quite different to that of an agent of a common carrier and his duty to passengers; it being held in those cases that the carrier and its employes must not only refrain from assaulting or insulting passengers, but must protect them from such attacks at the hands of others, and in such cases, liability to third persons might arise where the agent exercised his authority in an extreme or unlawful manner.
It is not impossible for the servant to use his personal venom in doing unlawfully the work of the master, in such manner as to render the latter liable, where, as suggested by counsel for appellee in oral argument, a chauffeur deliberately ran the automobile over some one against whom he had a personal grudge. That, however, is not the ease here. The chauffeur abandoned his work of driving the machine, according to the allegation of the petition, constituted himself court and jury, and proceeded to punish plaintiff for what he conceived to be an insult to himself and defendant’s wife, and clearly he was not acting within the scope of his employment when so doing.
The judgment appealed from is affirmed, at appellant’s cost.
ST. PAUL, J., concurs in the decree.