**No. 9750 and 9882 Consolidated.
Orleans Appeal.**

**MRS. HENRY J. RAPIER v. J. J. TROXCLAIR & SONS, Appellants.**

(March 16, 1925, Opinion and Decree.)
(April 13, 1925, Rehearing Refused.)
(May 25, 1925, Decree Supreme Court, Writ of Certiorari and Review Granted.)

**JOS. J. TROXCLAIR, ET AL., v. MRS. HENRY J. RAPIER, ET AL., Appellants.**

(March 16, 1925, Opinion and Decree.)
(April 13, 1925, Rehearing Refused.)
(May 25, 1925, Decree Supreme Court Writ of Certiorari and Review Granted.)
See 159 La. —, 105 South. 417.

*(Syllabus by the Court.)*

1. **Louisiana Digest—Partnership—Par. 117.**
A suspensive appeal by a partnership brings on the judgment for review and sus-

pends its execution as to the firm and the individual members thereof.

2. **Louisiana Digest—Automobiles—Par. 6 (a).**
A partnership cannot be held liable for the negligence of one of the partners in operating an automobile belonging to the partnership where it appears that the automobile was not operated in the business of the partnership but on a pleasure trip by the partner guilty of negligence. The negligent partner alone is responsible under such conditions.

3. **Louisiana Digest—Appeal—Par. 424, 441.**
Where the intention of the court in rendering a judgment is evident upon its face it will be so construed by the Appellate Court which reviews it as to give effect to its obvious intention notwithstanding a lack of precision in the language employed and some ambiguity in consequence.

(Civil Code, Art. 2315.   Editor's note.)

This is a damage suit for personal injuries arising out of an automobile collision.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

L. Robt. Rivarde, W. J. & H. W. Waguespack, attorneys for plaintiff and appellee.

Prentice E. Edrington, attorney for defendant and appellant.

WESTERFIELD, J. These two suits, consolidated in this court, are the result of a collision between a Ford passenger car and a Ford truck in the Parish of St. John the Baptist on Sunday, October 8, 1922.

Mrs. Henry J. Rapier was a passenger in a Ford car as a guest, at the time of the accident which was due to a collision with a Ford truck belonging to the commercial co-partnership of J. J. Troxclair & Sons. She sustained personal injuries and sued the partnership and the individual members thereof in damages.

A judgment in plaintiff's favor for $1,000.00 was rendered below in the following language:

"It is ordered, adjudged and decreed, for the reasons herein given, that there be judgment herein in favor of Mrs. Edna D. Sweeney wife of Henry Rapier, plaintiff herein, and against Joseph J. Troxclair & Sons, a commercial co-partnership composed of Joseph J. Troxclair, Frank Troxclair and Oliver Troxclair, defendants herein *in solido* for sum of $1,000.00."

From this judgment the partnership alone appealed suspensively. Whereupon plaintiff issued execution against the individual members of the partnership and seized several items of property in several parishes. The Troxclairs then applied for an injunction restraining the execution of the judgment upon the ground that the appeal and bond in the name of the partnership suspended execution against the individual members and in the alternative that execution could not issue until the provisions of Act 112 of 1916 requiring a rule to show cause were complied with. Judgment perpetuating the injunction was rendered and defendant in injunction has appealed.

We will dispose of the injunction case first, since we have only to point to the settled jurisprudence.

In Davenport vs. Adler, No. 1918 Orl. App., this court held:

"Plaintiff sued the commercial firm of William Adler & Co., composed of William Adler and Mrs. Cerf. Hirsch, and prayed for judgment against that firm, and the individual members thereof, *in solido.* * * * There was judgment against the firm and the individual members *in solido.* The firm appealed for and obtained a suspensive appeal, and perfected it by giving bond according to law. Conceiving that an appeal by the firm did not stay execution against the individual members condemned by the said judgment, as partners, the plaintiff sued out a rule on the Clerk of Court, and the defendant, to show cause why execution should not issue against William Adler and Mrs. Cerf. Hirsch, who had not taken separate appeals. The rule was made absolute, whereupon Wm. Adler and Mrs. Cerf. Hirsch appealed therefrom.

*      *      *      *

"We are constrained to differ with our esteemed brother of the court *a qua* in his construction of the law, to the effect that an appeal by a firm does not bring up the appeal as to the individual partners thereof, when they are condemned as an incident to and by reason of their membership in the firm."

See also Baringue vs. Sanderson, 3 Court of Appeal Reports, p. 412; Benedich vs. Scopel, 107 La. 242, 31 South. 703.

We conclude on this branch of this litigation that the defendant in injunction was without the right to issue execution since the appeal taken by the partnership suspended the judgment as to the individuals composing it.

To resume consideration of the original action against the owners of the Ford truck, *ex delicto*, the first point urged by defendant is that at the time of the accident the truck was not being driven in the interest of the partnership business but by one of the partners for his own pleasure, and that consequently the partnership cannot be held responsible.

The evidence sustains the allegation of fact upon which this point is based and proves unquestionably that Frank Troxclair, one of the defendants, was driving the truck at the time for his own pleasure and that of his family and friends, several of whom were passengers in the truck at the time. The fact that the truck was owned by the partnership is conceded.

In Rusha vs. W. G. Coyle Co., 149 La. 731, 90 South. 144, it was held that in order to hold an owner responsible for damages resulting from another's negligence in operating the car there must be proof or a reasonable presumption that the person operating the car was employed by the owner to operate the automobile.

See also Valley vs. Clay, 151 La. 710, 92 South. 308; Jung vs. N. O. Ry. & Light Co., 145 La. 727, 82 South. 870; Atkins vs. Point, 148 La. 598, 88 South. 231.

In Towers vs. Errington, 78 N. Y. Misc. 297 (1912), it was held that:

"If the partnership owned a carriage or automobile and one of the partners took it out for his private pleasure, for a personal purpose, surely this act would not be a partnership act. If on his private excursion he injured a traveler on the highway, his partners would not be liable, for the reason that at the time he was not acting for them, or in the prosecuting of their business. And this would be so, even though the other parties were present and saw him start out on his journey without objection."

See also Hamilton vs. Vione, 156 Pac. 853; Shriear vs. Feigelson, 143 N. E. 307; Huddy on Automobiles, Chap. XXV, Sec. 779; Berry on Automobiles, Pars. 1140-1141.

The judgment against the partnership cannot stand. But Frank Troxclair, who was running the truck, can be held to responsibility for his own acts and plaintiff urges us to give judgment accordingly. Defendant's counsel contends that Frank Troxclair is not before the court because the judgment below was against the partnershop only and plaintiff not having appealed has acquiesced in the judgment which failed to condemn the individuals sued jointly with the partnership and that consequently this court cannot amend the judgment in the interest of plaintiff.

The judgment is somewhat inartistically drawn and suggests the omission of one or two words which would clarify its meaning, but there can be no question but what it was intended to give judgment as prayed for in the petition (except as to the amount sued for) and that is against both the partnership and the individual members. The use of the plural number and the words "in solido" evidence this intention and we will so construe it.

The question of liability was not argued and we are justified in concluding that there is no dispute as to responsibility of the driver of the Ford truck. Moreover, the record supports the finding of the lower court in this particular.

There remains only the question of quantum. Plaintiff was not seriously nor permanently injured. After the accident she submitted to an operation for the removal of an ovarian or uterine cyst or tumor, but the evidence shows that the accident was not the cause of the tumor, as would otherwise logically appear. She was cut about the face by broken glass and severely shocked. Under the circumstances we think seven hundred and fifty dollars the proper allowance.

Plaintiff also claimed $179.24 as assignee of Hampton Errington, the owner of the Ford car, and several items of expense in connection with the accident which the court below declined to allow upon the ground that the claim as to these items should be urged by the husband as the head of the community and the husband was not a party plaintiff. No appeal or amendment of the judgment was asked by plaintiff, therefore these items will not be considered.

For the reasons assigned the judgment appealed from in the case of Mrs. Henry J. Rapier vs. J. J. Troxclair & Sons, No. 9750 of the docket, will be amended so as to condemn Frank Troxclair alone in the sum of $750.00, the costs of appeal to be borne by plaintiff and otherwise affirmed.

In the matter of Jos. J. Troxclair et al. vs. Mrs. Henry J. Rapier et al., the judgment appealed from is affirmed.