No. 2457
Second Circuit

---

MRS. ANNA C. MOORE v. DAY BUILDERS SUPPLY COMPANY, INC., ET AL.

---

(February 8, 1926, Opinion and Decree)
(March 11, 1926, Rehearing Refused)
(April 10, 1926, Rehearing Refused. See 3 La. App. 648.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 164; Pleading—Par. 62.**

The master is not responsible for the tortious acts of his servant committed outside of the scope of the servant's employment. It therefore follows that a petition that does not allege that the act of a servant complained of was committed while he was acting within the scope of his employment does not express a cause or right of action against the master.

2. **Louisiana Digest—Pleading—Par. 83, 85.**

When an amendment to a petition is one of substance it cannot be considered part of the petition until it has been put at issue by answer or default.

3. **Louisiana Digest—Appeal—Par. 727.**

Where no default has been taken or answer filed to an amended petition containing new matter of substance, proceedings taken subsequent to the filing of such amended petition will be set aside on appeal and the case remanded to be proceeded with according to law.

Brown vs. Brown, 21 La. Ann. 461.

Appeal from the City Court, Alexandria Ward, Rapides Parish, Louisiana. Hon. J. B. Nachman, Judge.

This is a suit for damages to a truck caused by a collision between a truck and a street car.

There was judgment for one defendant, the city of Alexandria, but judgment for plaintiff against the Day Builders Supply Company. The Day Builders Supply Company appealed.

Judgment reversed and case remanded for the purpose of hearing both parties on the question as to whether or not the amended petition should be allowed.

T. F. Hunter, of Alexandria, attorney for plaintiff, appellee.

Hakenyos, Scott & Provosty, of Alexandria, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sued defendants for damages to her truck in a collision between a street car belonging to and operated by the city of Alexandria and a truck belonging to the defendant, the Day Builders Supply Company, Inc.

The fourth paragraph of her original petition is as follows:

"That on November 16, 1923, in the city of Alexandria, a Dodge truck, owned

and operated by your petitioner in the grocery business in said city, was being driven by Charles K. White, employee and agent of the petitioner herein, and that said truck was coming down Lee street towards the river, between Ninth and Tenth streets, and that as said truck approached Ninth street a big lumber truck belonging to the Day Builders Supply Company, driven by a negro boy in the employment of said company, was coming into Lee street from Ninth street and went to cross Lee street, while being operated at a reckless rate of speed, and that coming from the river up Lee street the street car owned and operated by the city of Alexandria was approaching Ninth street at a very rapid rate of speed; that said truck of the Day Builders Supply Company and the street car of the city of Alexandria collided with such force that the truck of the Day Builders Supply Company was pushed and skidded into the truck of your petitioner, which, after seeing the danger of a collision has stopped still at the curb on Ninth street about fifteen feet from the corner."

The city of Alexandria filed its answer on November 19, 1924.

On January 19, 1925, Day Builders Supply Company, Inc., filed an exception of no right or cause of action to plaintiff's petition; and, on the same day, reserving its rights under its exception, it filed an answer to plaintiff's petition denying liability.

On January 30, 1925, defendant, Day Builders Supply Company Inc.'s exception was argued and taken under advisement by the court.

On February 4, 1925, according to the minutes of the court, plaintiff filed a supplemental and amended petition.

This supplemental petition is endorsed: "Filed, February 5, 1925. J. B. Nachman, City Judge."

The supplemental petition was served on the Day Builders Supply Company on February 6, 1925, as appears from the return of the city marshal, W. C. Nash.

On March 17, 1925, the exception was referred to the merits and the case set for trial on April 17, 1925.

On April 17, 1925, the case was taken up and tried in part and, by consent of counsel, was continued until May 1, 1925, for the taking of further testimony.

On May 1, 1925, the trial of the case was resumed and concluded and the case was taken under advisement by the court.

On June 12, 1925, judgment was rendered rejecting plaintiff's demands as against the city of Alexandria and in favor of the plaintiff and against Day Builders Supply Company, Inc., for $63.50.

From this judgment the Day Builders Supply Company, Inc., appealed. Plaintiff did not appeal from the judgment rejecting her demands as against the city of Alexandria.

### OPINION.

It is not seriously contended that paragraph four of plaintiff's original petition stated a cause of action against defendant, Day Builders Supply Company, Inc., and plaintiff to correct it by a supplemental petition which added thereto, in reference to the servant driving said company's truck at the time of the accident, the words, "who was acting in the course of his employment and in the furtherance of the business of his employer".

The Day Builders Supply Company, Inc., insists that the supplemental and amended petition should not be considered by us for the reason that there was no formal order of court permitting plaintiff to amend her petition.

Plaintiff, in argument, contended that the city judge, who acted as his own clerk of court, having in person marked the amended petition "filed" that this was equivalent to a formal order allowing the amendment.

This contention of plaintiff finds support in the fact that the judge referred defendant's exception to the merits after plaintiff's amended petition had been served on it.

Under the circumstances we think the amended petition cannot be totally disregarded.

But there was no default taken on the amended petition or answer filed thereto. It therefore follows that all the proceedings had in the case subsequent to the filing of the amended petition were highly irregular, null and void, and that the case must be remanded to the court below to be proceeded with according to law.

If it were to be conceded that marking "filed" on the amended petition by the city judge, who acted as his own clerk, was equivalent to allowing the amended petition, it would then follow that the amended petition had been allowed without the defendant having had an opportunity to be heard as to whether or not the amendment, such as it was, should have been allowed at the time and under the circumstances existing when the amendment was tendered to the court for filing.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and the case is remanded to the City Court, Alexandria District, Rapides Parish, Louisiana, with instructions to the judge to hear both parties on the question as to whether or not the amended petition should be allowed, and after that question is decided, without regard as to how it is decided, that the case then be proceeded with according to law.

Plaintiff to pay the costs of the appeal; all other costs to await the final result.