No. 2504

Second Circuit

---

MAY v. YELLOW CAB CO.

---

(Feb. 24, 1927. Opinion and Decree.)
(April 8, 1927. Rehearing Refused.)
(May 23, 1927. Writ of Certiorari and Review Granted by Supreme Court.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Master and Servant —Par. 164—Pleading—Par. 62.

In a suit against a master to recover damages for alleged negligent acts of

his servant the burden is on the plaintiff to allege and prove that the acts complained of were done by the servant within the scope of his employment.

Godchaux vs. Texas & Pacific Ry. Co., 144 La. 1041, 81 South. 706; Valley vs. Clay, 151 La. 710, 92 South. 308; Moore vs. Day Builders' Supply Co., 3 La. App. 575.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. F. X. Ransdell, Judge.

Action by Lawrence L. May against Yellow Cab Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Foster, Hall & Smith, of Shreveport, attorneys for plaintiff, appellee.

Pugh, Boatner & Irwin, of Shreveport, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sues defendant to recover $421.60 damages to his automobile caused by its being driven into a truck belonging to defendant which, he alleges, defendant's servant had left standing in the middle of a street in the city of Shreveport without a tail light or other warning sign at night and during a heavy rain.

He alleges, in paragraph 3 of his petition, that—

"Your petitioner shows at the time of said collision that the truck belonging to the Yellow Cab Company, Inc., was operated and being driven by an employee of the said Yellow Cab Company, Inc."

Defendant answered denying liability. There was judgment in the lower court in favor of the plaintiff for $250.00, less a credit of $50.00, and defendant appealed.

## OPINION

Defendant asks for a reversal of the judgment appealed from solely on the ground that plaintiff neither alleged nor proved that defendant's servant at the time of the accident was acting within the scope of his employment.

In able oral argument and brief counsel for plaintiff contend that presumptively defendant's servant at the time of the accident was acting within the scope of his employment and that if he was not it rested upon the defendant to allege and prove it as a special defense.

We cannot concur in this contention.

The only right of action that plaintiff had against defendant for damages sustained by him through the negligent acts of its servants flows from Article 2320 of the Civil Code which reads, in part, as follows:

"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

This article prescribes the only condition under which a plaintiff has a right of action against a master to recover damages caused by the negligent act of his servant; and the plaintiff in this action could not recover without alleging and proving that at the time of the accident defendant's servant was acting within the scope of his employment.

The law applicable to this case is fully set forth in Godchaux vs. Texas & Pacific Ry. Co., 144 La. 1041, 81 South. 706, wherein the Supreme Court reviewed our jurisprudence on the question of the mas-

ter's liability for the negligent acts of his servant and said:

"It is not enough, however, to support the doctrine of respondeat superior, that the quarrel that resulted in the tort committed by the servant arose from and out of the business which he had authority to transact, and that he was acting within the scope of his employment at the moment when he stepped aside from the business of his master to commit the wrongful act on his own behalf and without regard for the business of the master. The responsibility of the master for a tort committed by his servant does not depend upon whether the tort was committed in the course of the employment; the test is whether the tort was committed within the scope of the employment."

And in the case of Valley vs. Clay, 151 La. 710, 92 South. 308, the Supreme Court again reviewed our jurisprudence on the question and said:

"In order to render the owner liable, the chaueur must have acted within the scope of his employment. Berry on Automobiles, 1032, 1085, 1092; Huddy on Automobiles, p. 809, No. 627. The maxim of 'respondeat superior' has been considered and applied by us in a number of cases, some of which are as follows: Williams vs. Pullman Palace Car Co., 40 La. Ann. 87, 3 South. 631, 8 Am. St. Rep. 512; McDermott vs. Am. Brewing Co., 105 La. 124, 29 South.; 498, 52 L. R. A. 684. 83 Am. St. Rep. 225; Dyer vs. Rieley, 28 La. Ann. 6; Gerber vs. Viosca, 8 Rob. 150; Etting vs. Comm. Bank of N. O., 7 Rob. 459; Graham vs. St. Charles Ry. Co., 47 La. Ann. 1656, 18 South. 707; 49 Am. St. Rep. 436; Queen vs. Schwann, 119 La. 495, 44 South. 275; Richoux vs. Mayer, 29 La. Ann. 828; Vara vs. Quigley Con. Co., 114 La. 262, 38 South. 162; and Godchaux vs. T. & P. Ry. Co., 144 La. 1041, 81 South. 706. The rule, as laid down in all of these cases, is that, for the master to be liable, the injury must have been caused by some act expressly or by reasonable implication within the scope of the agent's employment. If the service be performed inan unlawful manner, the master is liable, so long as the thing done

forms a part of the servant's duties. Nash vs. Longville Lumber Co., 148 La. 943, 88 South. 226."

In the case of Moore vs. Day Builders Supply Co., 3 La. App. 575, this court held that—

"The master is not responsible for the tortious acts of his servant committed outside of the scope of the servant's employment. It therefore follows that a petition that does not allege that the act of a servant complained of was committed within the scope of his employment does not express a cause or right of action against the master."

Under the allegations of the third paragraph of plaintiff's petition and the authorities above cited we are convinced that plaintiff is not entitled to recover from the defendant in the absence of allegation and proof that defendant's servant at the time of the accident was acting within the scope of his employment; and we have therefore found it unnecessary to review the evidence and pass upon the merits of the case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and plaintiff's demends rejected and his suit dismissed at his cost.