## CHANEY v. FRIGIDAIRE CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
April 16, 1929.

No. 5531.

W. J. Waguespack and H. W. Waguespack, both of New Orleans, La., for appellant.

Theodore H. McGiehan, of New Orleans, La., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an appeal from a judgment dismissing on exception of no cause of action a petition to recover damages for assault and battery by a salesman of the appellee corporation.

Appellant alleged in her petition that the salesman solicited her to purchase a frigidaire from appellee, and invited her to go with him in his automobile "to see said frigidaire which he said was downtown below Canal St."; that, while she was riding in the automobile with him, he said that he was going to take her to his apartment for immoral purposes; that he drove the automobile to a gasoline station "miles away from Canal St.," where he was compelled to stop, and where she escaped with the assistance of others after he had assaulted and forcibly held her; and that she reported the conduct of the salesman to appellee, but it failed to discharge him. It is alleged that the assault and battery was committed while the salesmen was acting in the course of his employment; but that is a mere legal conclusion, which in our opinion finds no support in the averments of fact.

Article 2320 of the Louisiana Civil Code makes masters liable for damage occasioned by their servants "in the exercise of the functions in which they are employed." The Supreme Court of that state has held that this article is equivalent to the common-law phrase "within the scope of his employment." It appears to be well settled in Louisiana that, while the master may be liable for the willful torts of his servant, "the test of the master's responsibility, * * * is not the motive of the servant, but whether that which he did was something his employ-ment contemplated, and something which, if he should do it lawfully, he might do in his employer's name." Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 So. 631, 8 Am. St. Rep. 512. In that case Pullman Company was held not to be liable for an assault committed by its porter on a passenger of the railroad company, who came into the Pullman to make his toilet. Appellant's counsel cite a number of cases to the effect that a common carrier is liable for an assault by a trainman on a passenger, but that is because a common carrier owes the duty to protect the passenger. The distinction between the liability of a private employer and that of a common carrier for a tort committed by an employee is well illustrated in the Williams Case, where the Pullman Company was absolved from liability and the railroad company was held liable for the same tortious act. See Williams v. Pullman Palace Car Co., 40 La. Ann. 417, 4 So. 85, 8 Am. St. Rep. 538. It is not alleged that the place to which the salesman offered to take appellant was the place of business of appellee or one where it kept frigidaires for sale; nor is it shown by any averment of fact as distinguished from mere legal conclusions that the salesman was acting within the scope of his employment. The test laid down in the Williams Case has been followed in later Louisiana cases. McDermott v. American Brewing Co., 105 La. 124, 29 So. 498, 52 L. R. A. 684, 83 Am. St. Rep. 225; Godchaux v. T. & P. Ry. Co., 144 La. 1042, 81 So. 706; Valley v. Clay, 151 La. 710, 92 So. 308. These decisions are in accord with the general rule that prevails in other states. 18 R. C. L. 795, 799. Appellee's failure to discharge the salesman is not enough to show that it ratified or adopted the assault and battery, which it is alleged was committed by its salesman upon appellant. Williams v. Pullman Palace Car Co., supra; 21 R. C. L. 919. Indeed, it seems extravagant to suggest that appellee, by any action it might take, could ratify or adopt such conduct. There is no allegation that appellee sought to assert any right or claim based upon the tort of its salesman. At all events, if it did not believe the salesman was guilty, although it was mistaken in that view, it had the right to retain him in its service.

The conclusion is that it was not error to sustain the exception to the petition.

The judgment is affirmed.