**161 So. 604**

**MARTIN v. MAGEE et al.**

No. 32806.

April 29, 1935.

See, also (La. Sup.) 155 So. 433.

M. J. Allen, of Amite, and J. M. Alford, of Tylertown, Miss., for appellant.

Talley & Cassidy, of Bogalusa, for appellees.

FOURNET, Justice.

Mrs. Ota Martin instituted this suit for damages for malicious prosecution, false arrest and imprisonment, etc., against the chief of police and three other officers of the city of Bogalusa. In her petition she alleged that she was arrested on the 9th day of March, 1932, without any warrant and probable cause; that she was subjected to ill-treatment while under arrest and caused great humiliation and mental suffering because of such illegal arrest and confinement in the city jail for three days and two nights, without being permitted to communicate with or see any of her friends; and that said arrest was made with malice on the part of the officers.

A plea of prescription of one year was filed, which the district judge overruled.

Defendants denied the allegations of plaintiff's petition and averred that plaintiff was arrested upon a duly executed warrant for vagrancy and also a letter from the United States authorities, authorizing the apprehension of the plaintiff.

After due trial, plaintiff's suit was dismissed, and she has appealed.

From a careful examination of the evidence, we find that the plaintiff was arrested at the Oaks Café, where she was rooming, by three subordinate officers of the city of Bogalusa, upon instructions of the chief of police, who had received a telephonic communication

from Cornelius K. Langham, a detective operating under the Treasury Department of the United States, advising him that he was seeking plaintiff in connection with passing counterfeit money and that he (Langham) was on his way to Baton Rouge to secure a warrant for the arrest of plaintiff, and requested the chief of police to apprehend and arrest the plaintiff and hold her in custody for the United States government. This was confirmed by letter, which was received by the chief of police on the 9th day of March.

The evidence is barren of any ill-treatment or abuse of the plaintiff, or that she was not permitted to communicate with her friends. On the contrary, the evidence shows that the chief of police, instead of having her kept with the prisoners, had her placed in an office in the jail and not a cell. There was a telephone in the office and people came in and out. A Mr. Knight was permitted to call on the plaintiff and offered his assistance. In addition, the chief of police, instead of serving plaintiff the meals regularly given to prisoners in jail, had her meals prepared and sent to her from a local restaurant.

After remaining in jail two days and being interviewed by the federal officer, plaintiff was released late in the evening and went home.

Plaintiff has apparently abandoned the contention that the prosecution was malicious, and now contends that she is entitled to recover for false imprisonment under the decision of this court in the case of Wells v. Johnston et al., 52 La. Ann. 713, 27 So. 185. That case is not applicable here. The arrest in the Wells Case was made without requisition papers to authorize or warrant the plaintiff's arrest for an alleged offense committed in another state, as is expressly required by section 1038 of the Revised Statutes.

Plaintiff also cites, in support of her contention, the cases of Smith v. Dulion et al., 113 La. 882, 37 So. 864, and Janes v. Wilson, 119 La. 491, 44 So. 275. In the first case, the plaintiff and the town marshal had been quite unfriendly toward each other and the arrest was clearly one without authority, prompted by ill will and enmity. The second authority presented a case in which the town marshal arrested the plaintiff on a telegram sent to him by a private citizen and later, after having been confined a couple of hours, was instructed by the person who sent the telegram to release the plaintiff. Neither case is controlling in the instant case.

In the case of Dunson v. Baker, 144 La. 167, 80 So. 238, 239, this court said:

"*A citizen* may arrest on reasonable suspicion of a felony. But in such case he must not only make out a reasonable ground of suspicion, but he must prove that a felony has actually been committed. Whereas, an *officer* who has reasonable grounds to suspect that a felony has been committed may detain the party until inquiry may be made. *Damages will not be allowed where the prosecuting officer acted in good faith and with probable cause.* O'Malley v. Whitaker, 118 La. [906] 914, 43 So. 545; Boutte v. Emmer, 43 La. Ann. 980, 9 So. 921, 15 L. R. A. 63. [Italics ours.] * * *

"No malice on the part of the defendant has been shown. He acted in good faith, and the demand for damages was properly rejected."

In the case of Lyons v. Carroll et al., 107 La. 471, 31 So. 760, 761, we held:

"Those who honestly seek the enforcement of law and the administration of justice, and who are supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party suspected may be guilty of the offense charged, should not be made unduly apprehensive that they will be held answerable in damages. Breaux's Dig. p. 705, No. 12; Id. p. 706, No. 19."

In the case of Martin v. Cappel et al., 160 La. 21, 106 So. 660, this court quoted with approval the above extract from the Lyons Case, supra.

Under the provisions of the Code of Criminal Procedure, "any peace officer may, without a warrant, arrest a person [article 60 of title 10] * * *

"(d) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it;"

"(e) When he has received positive information by written, telegraphic or other authoritative source that another officer holds a warrant for such arrest."

The arrest of plaintiff by the defendants in this case was not only free of malice but, we think, in good faith and with probable cause.

While the evidence as to whether the plaintiff was told that she was arrested under authority of a warrant is conflicting, nevertheless the trial judge found that a warrant had been issued for her arrest and that she was arrested thereunder. We find no error in his judgment.

For the reasons assigned, the judgment of the district court is affirmed.