(105 So. 417)

No. 27252.

TROXCLAIR et al. v. RAPIER et al.

In re RAPIER.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

**Appeal and error** ⬅️485(2)—**Suspensive appeal by partnership held to suspend execution of judgment against individuals composing it.**

Taking and perfecting suspensive appeal by commercial partnership, from judgment against partnership composed of persons named in solido, suspended execution of judgment against individuals composing it.

Action by Joseph J. Troxclair and others against Mrs. Henry J. Rapier and others. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant named applies for certiorari or writ of review. Writ recalled and vacated, and application denied.

Prentice E. Edrington, Jr., of New Orleans, for applicant.

W. J. & H. W. Waguespack, of New Orleans, opposed.

BRUNOT, J. The Troxclairs, three brothers, were partners conducting a commercial business. Mrs. Rapier was injured in a collision between a Ford car in which she was driving and a truck belonging to the copartnership. She sued the company and the members thereof individually, and obtained the following judgment:

"It is ordered, adjudged, and decreed that there be judgment in favor of Mrs. Henry Rapier, plaintiff herein, and against Jos. Troxclair & Sons, a commercial copartnership composed of Joseph, Frank and Oliver Troxclair, defendants herein, in solido, for the sum of $1,000, with legal interest thereon from judicial demand until paid."

From this judgment the copartnership suspensively appealed, but the individuals composing it did not. While the appeal was pending, plaintiff issued execution against the individual members of the partnership and seized property belonging to them. The Troxclairs then applied for and obtained an injunction restraining the execution of the judgment against them, upon the ground that the suspensive appeal taken and perfected by the partnership suspended the execution of the judgment against the individual members thereof, and that execution could not issue until the provisions of Act 112 of 1916 were complied with.

When the case was submitted, the Court of

Appeal held that the taking and perfecting of the appeal by the partnership suspended the execution of the judgment against the individuals composing it, and we concur in the correctness of that court's conclusion. In Davenport v. Adler, No. 1918, Orleans Court of Appeal, the organ of the court said:

"Plaintiff sued the commercial firm of William Adler & Co., composed of William Adler and Mrs. Cerf Hirsch, and prayed for judgment against that firm, and the individual members thereof in solido. * * * There was judgment against the firm and the individual members thereof in solido. The firm appealed. * * * Conceiving that an appeal by the firm did not stay execution against the individual members condemned by the said judgment, as partners, the plaintiff sued out a rule on the clerk of the court and the defendants to show cause why execution should not issue against William Adler and Mrs. Cerf Hirsch. * * *

"We are constrained to differ with our esteemed brother of the court a qua in his construction of the law, to the effect that an appeal by a firm does not bring up the appeal as to the individual partners thereof, when they are condemned as an incident to and by reason of their membership in the firm."

To the same effect is the case of Bariugue v. Sanderson, Third Court of Appeal, p. 412.

In this case it appears that Frank Troxclair, one of the partners, was riding for his personal pleasure in a truck belonging to the firm, when the collision occurred which gave rise to this suit. The Court of Appeal found that Frank Troxclair was alone responsible for the injuries sustained by plaintiff, and amended the judgment appealed from accordingly. We are not concerned in the merits of the cause, but only in the question of the right of plaintiff to execute the judgment rendered by the trial court against the individual members of the copartnership, pending the final disposition of a suspensive appeal therefrom by the partnership. A conclusion adverse to relators' contention with respect to this question has already been announced by us, and the writ we heretofore issued in this matter is recalled and vacated, and relator's application is denied, at her cost.