RAPIER v. JOSEPH J. TROXCLAIR & SONS ET AL.

(April 21, 1930. Opinion and Decree.)
(June 2, 1930. Rehearing Refused.)
(July 19, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Prentice E. Edrington, Jr., of New Orleans, attorney for Mrs. R. J. Villere, assignee of Mrs. Henry J. Rapier, plaintiff in rule and appellant.

W. J. & H. W. Waguespack, of New Orleans, attorneys for Globe Indemnity Company, surety, defendant, appellee.

WESTERFIELD, J. Mrs. Henry Rapier filed suit in the district court in the parish of St. Charles on December 15, 1922, claiming damages in the sum of $2,791.94 as against "Joseph J. Troxclair & Sons, a commercial partnership composed of Joseph J. Troxclair, Frank Troxclair and Oliver Troxclair, individually and in solido." The cause of action was based upon the alleged negligent operation of a Ford truck, the property of Troxclair & Sons, by Frank Troxclair, and the resulting injury to plaintiff.

Upon the trial of the case in the district court judgment was rendered in plaintiff's favor against "Joseph J. Troxclair & Sons, a commercial co-partnership composed of Joseph J. Troxclair, Frank Troxclair and Oliver Troxclair, defendants herein, in solido, for the sum of $1,000.00." A suspensive appeal was taken to this court, and an appeal bond signed by the partnership of Joseph J. Troxclair & Sons as principal, and the Globe Indemnity Company as surety, was furnished.

Plaintiff's counsel, believing that this bond did not have the effect of suspending

execution against the individual members of the partnership, caused a fi. fa. to issue, and seized several items of property belonging to the individuals composing the partnership. The defendants in execution then sued out an injunction against the execution of the judgment which was perpetuated by the district court, and on appeal to this court the judgment of the district court affirmed. Rapier vs. Troxclair & Sons, 1 La. App. 763.

A writ of review was granted by the Supreme Court and opinion of this court affirmed. Troxclair et al. vs. Rapier et al., 159 La. 419, 105 So. 417.

On the merits of the case this court held that there was no liability on the part of the partnership, for the reason that, at the time of the accident, the Ford truck was not being used in the interest of the business of the partnership, but by one of the partners, Frank Troxclair, for his own pleasure. Judgment was rendered against Frank Troxclair alone in the sum of $750.

Following the finality of this decision holding Frank Troxclair alone responsible to the plaintiff, an execution was issued against him, and, the writ being returned nulla bona, a rule was taken upon the surety, the Globe Indemnity Company, to show cause why it should not be condemned to pay the judgment. The lower court held that the surety was not liable and dismissed the rule, whereupon the present appeal was taken.

The question which we are now called upon to determine is whether the surety on the original appeal bond, in the name of the partnership of Troxclair & Sons, is liable for the judgment rendered against Frank Troxclair alone.

It will be recalled that the original conception of this suit involved the liability of the partnership of Troxclair & Sons and of the three individual members of that firm as members of the partnership, and that the original judgment by the trial court was in conformity with this view. This court finding itself unable to concur held that the partnership was not liable, and, the pleadings being deemed sufficient to warrant it, rendered judgment against Frank Troxclair, one of the members of the partnership, for reasons having nothing to do with his membership in that firm. It is true that we held that the suspensive appeal bond, given in behalf of the partnership, suspended execution as against the individual members of that firm, one of whom was Frank Troxclair, but it is also true that no judgment was asked as against Frank Troxclair and none rendered against him, except in his capacity as a member of the partnership; the execution which, with the approval of this court, was suspended by injunction and not directed against Frank Troxclair alone, but against all three members of the firm in their individual capacities. The judgment, execution of which was suspended, was against these three individuals as members of the partnership and not otherwise. We realize that it was probably the intention of defendants to give a bond on behalf of the partnership in the usual form which would have included a provision covering the individual responsibility of the several members of the firm, but this was not done, and the plaintiff did not avail herself of the provisions of Act 112 of 1916 for the purpose of correcting what would appear to have been an inadvertence. At any rate, the surety's obligation cannot be extended beyond the terms of its suretyship. R. C. C. art. 3039.

The bond upon which the surety company, appellee, is sought to be held, obligates it to respond to such judgment as

may be rendered against Troxclair & Sons and the three members of that firm as incident to and by reason of their membership in the firm. Davenport vs. Adler, No. 1918, Orl. App., unreported (see Louisiana and Southern Digest). Baringue vs. Sanderson, 3 Orl. App. 412; Troxclair et al. vs. Rapier et al., supra, but not otherwise.

Our conclusion is that the surety company cannot be held upon this bond given on behalf of the partnership of Troxclair & Sons for a judgment rendered against Frank Troxclair upon a cause of action having no relation to the partnership of which he was a member.

For the reasons assigned the judgment appealed from is affirmed. .