CRESCENT CIGAR & TOBACCO CO. v.
RIZZUTO

(March 2, 1931. Opinion and Decree.)

Jos. F. Deynoodt, of New Orleans, attorney for plaintiff, appellee.

Claude L. Johnson, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff brings this suit against defendant on a written contract of suretyship dated March 1, 1927, to recover the sum of $175.69, the alleged balance due on an open account that the defendant had guaranteed. The defense is that the contract of suretyship only covered future credit and not the past-due indebtedness of the debtor.

There was judgment in favor of plaintiff, as prayed for, and defendant has appealed.

The contract sued upon reads as follows:

"For and in consideration of value received of the Crescent Cigar & Tobacco Co., and as an inducement to the Crescent Cigar & Tobacco Co., to extend credit to Henry Cangelosi, I, J. Rizzuto, the undersigned, hereby agree to pay on demand any liability or debts not exceeding $250.00, created by Henry Cangelosi with the said Crescent Cigar & Tobacco Co., if not paid by the said Henry Cangelosi, when due and after demand has been made on him.

"The said debts or obligations must be for merchandise or material furnished by the said Crescent Cigar & Tobacco Co., or by others on the order of the Crescent Cigar & Tobacco Co.

"It is understood by the undersigned that this guarantee is to remain in effect, until revoked by registered written notice from me to the Crescent Cigar & Tobacco Co., or upon surrender of this document by the Crescent Cigar & Tobacco Co.

"It is further agreed that I shall not be responsible for any debts created after the revocation or surrender of this surety or guarantee.

"New Orleans, La., March 1st, 1927.
                "Sign Here:—J. Rizzuto.
"Witness:    F. Bertoniere."

The plaintiff proved that the debtor had purchased certain merchandise from it and had paid something on account, but failed to pay the balance due; that defendant was the father-in-law of the debtor, Henry Cangelosi, and, in order to prevent plaintiff from suing the debtor, signed the contract sued upon; that Henry Cangelosi

was adjudged a bankrupt and listed plaintiff's claim in his schedules.

On cross-examination of plaintiff's witnesses, defendant established that the amount claimed in this suit was for merchandise sold to Cangelosi before the contract of suretyship was signed, and that thereafter the plaintiff never sold Cangelosi anything on credit, either because nothing was ordered or because Cangelosi paid cash for the merchandise.

The sole question before us is whether the contract of suretyship covers the past due indebtedness of Cangelosi or only credit to be extended to him in the future. This involves an interpretation of the provisions of the contract.

Article 3039, Rev. Civ. Code, provides:

"Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract."

We note that the contract was written by the plaintiff's officer. It follows, therefore, that any ambiguity or uncertainty therein must be construed against it. Nowhere in the contract do we find any language that would indicate an intention on the part of the surety to guarantee the payment of an existing debt, but, on the contrary, the agreement seems to contemplate only future obligations of Cangelosi. The intention of the parties, as appears from the wording of the agreement, was that defendant would be surety as an inducement to the Crescent Cigar & Tobacco Company to extend credit to Henry Cangelosi.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiff's suit at its cost.