### TEXAS CO. v. CRAIS. *
#### No. 14691.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

Rehearing Denied June 28, 1934.

Richard A. Dowling, of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

JANVIER, Judge.

The Texas Company seeks to recover from William C. Crais $198.53 for certain gasoline and other petroleum products sold by it to a customer whose account is alleged to have been guaranteed by Crais. For some time prior to the execution of the document sued on Crais had been agent for plaintiff company in one of its retail sales stations in New Orleans, and had had, as one of his credit customers, the Louisiana Arkansas Barge Line, a consumer of large quantities of gasoline, lubricating oils, and greases.

Plaintiff's officials became suspicious of the ability of the barge line to meet its obligations, and instructed Crais to make no further credit sales to that line.

Crais, unwilling to lose the profit which he could make as his commission on the sales to this customer, executed a document prepared by the Texas Company in which he guaranteed payment for such merchandise as might in future be sold to it. The guaranty reads as follows:

"Guaranty of Account.

"N. O. La. 6/4/,1930.

"The Texas Company, New Orleans, La.

"Gentlemen: For value received, and in consideration of the credit which you may hereafter extend, I hereby jointly, severally and unconditionally guarantee payment when due at your office in New Orleans, La., of any and all present or future indebtedness owed by Louisiana-Arkansas Barge Service.

"This is intended as a continuing guarantee applying to all present and future indebtedness, howsoever arising, and to all sales

*Writ of certiorari denied Aug. 3, 1934.

and advances made by you to Louisiana Arkansas Barge Service until the same is revoked by me in writing to The Texas Company at its office in New Orleans, La.

"Witness ———— hand and seal this 12th day of June, A. D., 1930.

"Wm. C. Crais [Signed].

"Witness: B. W. Seidel [Signed]."

In his answer Crais set up two defenses. He contended that the document was signed "for the purpose of guaranteeing the account of the Louisiana Arkansas Barge Line for the period of one week and no longer," and he also declared that no judgment could be had against him for the reason that "no suit has ever been filed against the principal debtor."

On the trial below both of these defenses were entirely abandoned, and Crais sought refuge in the contention that the sales involved here were made, not to the corporation Louisiana Arkansas Barge Line, but to the receiver of that company. This defense was rejected and judgment rendered against Crais as prayed for.

■ The record shows that all of the sales which are involved in this suit were made after the corporation known as Louisiana Arkansas Barge Line had gone into receivership. Crais relies on the legal principle that a contract of suretyship must be strictly construed and cannot be extended by implication. He points to article 3039 of the Civil Code, which reads as follows: "Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract."

■ He cites Rapier v. Jos. J. Troxclair & Sons et al., 13 La. App. 702, 128 So. 43, and Wells v. Fidelity & Dep. Co., 146 La. 169, 83 So. 448, both of which support the legal proposition depended upon by him. He also maintains that, since the document sued on was prepared in the office of the Texas Company, any doubt as to its meaning must be resolved against that company, and, in support of this contention, he cites Crescent Cigar & Tobacco Co. v. Rizzuto, 15 La. App. 642, 132 So. 801, 802, in which we said: "We note that the contract was written by the plaintiff's officer. It follows, therefore, that any ambiguity or uncertainty therein must be construed against it."

There can be no doubt of the soundness of these two legal principles. However, the record shows that at the time of the execution of the guaranty the receiver had already been appointed. While Crais denies this, he admits that at some indefinite time he was advised of the appointment of the receiver and

that thereafter, in making out the charge slips which were sent to the Texas Company, he saw to it that the name of the receiver and that the word "receiver" appeared on each charge slip.

■ If the receiver had already been appointed at the time of the execution of the agreement and all of the operations of the company after the appointment were conducted by the receiver, there would have been no reason whatever for the taking of a guaranty to insure payment for sales made to the corporation, since there would have been no such sales.

The record shows that the contact between the Texas Company and the Louisiana Arkansas Barge Line and/or its receiver was maintained through Crais, whose customer that corporation was and whose receiver was also well known to Crais.

Crais was more interested than any one else in knowing of the financial status of the customer for whose account he had made himself responsible. At no time did he notify the Texas Company of any change in the status of the company. He maintains that he gave notice of the receivership by placing the word "receiver" on the credit slips, but, had the receiver been appointed after the date of the guaranty, we feel certain that he would have given a special notice to the plaintiff company of that fact. That he did not do so indicates rather clearly that the receiver had already been appointed and that no change took place subsequent to the date of the guaranty. The explanation of plaintiff company of the omission of the word "receiver" from the guaranty is that it was overlooked. We note that the exact name of the corporation does not appear in the document; it is written "Louisiana Arkansas Barge Service." The word "service" may indicate operation by a receiver as well as operation by the corporation itself.

We must presume that the parties intended to accomplish some useful practical result when they executed the guaranty. The receiver had already been appointed, and manifestly there would be no further purchases by the corporation, since the affairs of the company were being operated by the receiver. It would have been vain and unnecessary for the parties to have executed a guaranty of future purchases of the corporation, which purchases were never to be made.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.