WILLIAM F. DESMOND, PLAINTIFF, v. BASCH & GREEN-
FIELD, A CORPORATION, DEFENDANT.

Submitted July 3, 1919—Decided November 25, 1919.

1. The fact that the Motor Vehicle act expressly exempts certain vehicles from the provisions thereof pertaining to speed, implies the exclusion of any other species of vehicular exemption.

2. A motor policeman is not included in the exceptions contained in the Traffic act, and while his right to overtake violators of the law must be recognized as well as the right of way conceded to him by statute, he must exercise those rights with due regard to the rights of others lawfully upon the highway and not to their exclusion therefrom.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Wilbur A. Heisley.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J.    The accident happened on September 8th, 1918, at about seven-thirty A. M. at the intersection of Bloomfield and Summer avenues, in Newark. The plaintiff, a motor policeman, was operating his motorcycle in a westerly direction on Bloomfield avenue, while the defendant through its servant, was operating an automobile truck, which was on government work, in a southerly direction on Summer avenue. Plaintiff was going forty miles an hour, just before the accident, and he slowed down as he approached the intersection of the two avenues to not more than twenty miles an hour.

The defendant's chauffeur, Bauer, testified that the plaintiff was going from forty-five to sixty miles an hour at the time of the accident. A disinterested witness who testified that he was competent to judge distance and speed, stated that the plaintiff was going thirty to thirty-five miles at the time of the accident.

The plaintiff testified that he sounded his horn, as he approached the intersection, but other witnesses testified that he gave no warning whatever of his approach. He also testified that he heard no warning given by the defendant's truck, as it approached the intersection, but the testimony of the defendant's witnesses shows that a signal was given of its approach by the blowing of a whistle.

Plaintiff claimed that the defendant's truck was on the wrong side of the street; testimony for the defendant showed that the truck was on the right side of the road in the direction in which he was going.

The questions of speed of the respective vehicles, warnings given by each of its approach, and the position of each on its respective highway approaching the crossing, were questions of fact for the jury. The great weight of the evidence was in favor of the defendant, on the various contentions as to negligence and contributory negligence.

The plaintiff testified that he was pursuing an automobile that had passed to the left of a street car, at a point three hundred feet from the scene of the accident; that at the time he was sixty feet from the automobile, sitting on his motorcycle ready to start without the loss of a moment, and that he did so start. The automobile at no time went faster than twenty miles an hour, but his speed was thirty-five to forty miles.

It was therefore for the jury to determine whether the plaintiff was pursuing a violator of the Motor Vehicle law or whether he was recklessly operating a dangerous machine, at a speed of from forty to sixty miles an hour at the intersection of two highways that were much traveled.

We think the trial judge did not err in his charge as to speed, nor as to the relative rights of the parties on the highway.

The fact that the Motor Vehicle act expressly exempts certain vehicles, not including the plaintiff's, from the provisions thereof pertaining to speed, implies the exclusion of any other species of vehicular exemption. *Expressio unius est exclusio alterius.*

The rule governing the situation is laid down by the Court of Errors and Appeals in the case of *Winch* v. *Johnson,* 92 *N. J. L.* 219, and the instruction of the court is in accord with what the Court of Errors and Appeals said in that case, as well as with the declaration of this court in *Paulsen* v. *Klinge, Id.* 99.

The policeman was not included in the exceptions contained in the Traffic act, and while we must notice his right to overtake violators of the law, and the right of way conceded to him by statutes and ordinances, for that purpose, he must exercise that right with due regard to the rights of others

lawfully upon the highway, and not to their exclusion therefrom. His right to the street is not exclusive, and he cannot willfully and must not carelessly run down others lawfully on the street. The fundamental common law rule, notwithstanding conceded priorities of right upon the highway, still persists as the basic conception of relative rights. *Sic utere tuo ut alienun non lædas* is the basic maxim determinative of relative rights.

We conceive the court's charge was based upon a correct conception of this fundamental relationship, and as such we deem it an accurate statement of the law.

The rule will be discharged, with costs.