No. 2368

Second Circuit Appeal

ROBERT EARL ELLZEY v. BOOTH FUR-
NITURE AND CARPET COMPANY,
LIMITED

(June 27, 1925, Opinion and Decree)
(Oct 21, 1925, Reversed on Rehearing.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62,
71.**

An exception no cause of action founded
upon the failure to allege that the neg-
ligent acts of defendant's driver were
done in the exercise of the functions
for which he was employed, can be cor-
rected by an order of the judge.

2. **Louisiana Digest—Master and Servant
—Par. 164.**

Master's liability for servant's acts does not
cease merely because the servant is act-
ing contrary to, or in defiance of, ex-
press instructions from the master.

3. **Louisiana Digest—Automobiles—Par.
6a. Master and Servant—Par. 161,
164.**

Where the defendant's employee was driv-
ing its truck back to defendant's place
of business after having delivered a
kitchen cabinet, and the act that caused
the wreck was the act of the driver
in turning the truck to the left of the
center of the road, the employer is
liable for the act of its driver of its
truck on the occasion of its accident.

4. **Louisiana Digest—Master and Servant
—Par. 165.**

The employer of a truck driver is responsi-
ble for his negligent acts unless it be
shown that he intentionally injured an-
other or his machine with employer's
truck.

(ON REHEARING)

5. **Louisiana Digest—Automobiles—Par. 4;
Negligence—Par. 25.**

The main and the sole purpose of requiring
the passing vehicle is to notify the
driver of the vehicle to be passed, so
that he may make way. Where one, in
attempting to pass a truck, saw that
his signals had not been heard, he is
guilty of contributory negligence bar-
ring recovery if he proceeds to pass
the truck without further signaling.

Appeal from the First Judicial District
Court of Louisiana, Parish of Caddo, Hon.
J. H. Stephens, Judge.

This is a suit for damages for the wreck-
ing of an automobile which resulted from
the reckless and illegal driving of defend-
ant's motor truck by an employee of de-
fendant. There was exception no cause of
action finding which was overruled. There
was judgment for plaintiff and defendant
appealed.

Judgment affirmed.

Long and Crow, of Shreveport, attorneys
for plaintiff, appellee.

Wilkinson, Lewis and Wilkinson, of
Shreveport, attorneys for defendant, appel-
lant.

STATEMENT OF CASE

REYNOLDS, J. Plaintiff sues for $1050
as damages for the wrecking of his Nash
automobile claimed to have resulted from
the reckless and illegal driving of defen-
dant's delivery truck.

Defendant filed an exception of no cause
of action.

Reserving its right under its exception
of no cause of action, defendant answered,
denying liability on the grounds:

1. That the act of its driver, if it caused
   the accident, was not done in the
   course of his employment, and that if
   the driver of its truck drove it reck-
   lessly or at a rate of speed in excess
   of that allowed by the ordinance of
   the town of Cedar Grove, he was not
   acting within the scope of his employ-
   ment and defendant is not liable for
   the consequences of his acts.

2. That plaintiff was guilty of such gross
   negligence in the operation of his car
   and in driving it at a rate of speed
   in excess of that permitted by the or-
   dinance of the town of Cedar Grove
   and in placing himself in a position
   which made his injury possible as to

constitute contributory negligence and bar his right to recover.

3.    That plaintiff was guilty of reckless and careless driving and that his own acts and not those of plaintiff's driver caused the accident.

The exception of no cause of action was overruled. The case was tried on the above stated issue and there was judgment for the plaintiff. Defendant appealed.

### ON EXCEPTION OF NO CAUSE OF ACTION

The exception was founded upon the faliure to allege that the alleged negligent acts of defendant's driver were done in the exercise of the functions for which he was employed. The defect in the petition was cured by an amendment filed under order of Judge E. P. Mills signed November 13, 1924.

### OPINION

Plaintiff, a traffic officer of the town of Cedar Grove, attempted to pass a truck belonging to defendant and driven by one of its employees at. a speed of about 35 miles per hour. As plaintiff was about to pass the truck, the driver pulled his truck to the left of the center of the road in such manner as to make it necessary for the plaintiff to drive his car into the ditch at the side of the road in order to prevent a collision with the truck. In being thus forced off the road plaintiff's automobile was completely wrecked, and in this suit he is asking for damages done to his car.

Defendant insists that the driver of the truck in turning his car to the left of the center of the road and in exceeding the speed limit fixed by the ordinance of the town of Cedar Grove was not acting within the scope of his employment.

Sam Emery, the driver of defendant's truck, testified, page 18:

"Q.  Have you any recollection of when a man by the name of Ellzey had a car wreck?
"A.  Yes, sir.
"Q.  Who was driving the Booth Furniture Company truck at that time?
"A.  I was.
"Q.  What were you doing for the Booth Furniture Company that day?
"A.  I was delivering furniture; my last delivery was delivering a kitchen cabinet to the place where I just told you and I was on my way back to town to the Booth Furniture Company's store."

In Cusimano vs. A. S. Spies Sales Co., 153 La. 551, 96 South. 118, the Supreme Court said:

"Master's liability for servant's acts does not cease merely because the servant is acting contrary to, or in defiance of, express instructions from the master."

And, again:

"Though employee engaged in making deliveries turned aside from employer's business for some purpose of his own, where he had fulfilled such purpose and was either continuing deliveries or returning to employer's store, the employer was liable for. his negligence."

Defendant cites in support of its defense Williams vs. Palace Car Co., 40 La. Ann. 87, 3 South. 631.

In that case the porter of the Palace Car Company was held to have committed a willful, wrongful trespass.

In the present case, defendan't employee was driving its truck back to defendant's place of business after having delivered a kitchen cabinet, and the act that caused the wreck was the act of the driver in turning the truck to the left of the center of the road.

There is no evidence, in our opinion, that would warrant this court in holding that the driver of the truck intentionally turned the truck toward Mr. Ellzey or that he knew Mr. Ellzey was attempting to pass him.

Mr. Ellzey testified, page 3:

"As the front of my car got even with the back of his he pulled over to the left and there was nothing for me to do but to hit him or go into the ditch."

(Page 12)

"Q. Was there any especial noise being made that would prevent him from hearing it?

"A. No, sir, only the way he was running that truck.

\* \* \* \*

"Q. Do you think the ordinary man would have heard that horn of yours blowing?

"A. He should have, yes, sir, if he hadn't been driving a big truck like that, making so much racket he couldn't hear us."

C. W. Wierick testified, page 20:

"Q. State, Mr. Wierick, whether he sounded his horn or not.

"A. Yes, sir, he blew his horn.

"Q. As he went to go around him or before?

"A. Before.

"Q. Did the driver seem to observe it?

"A. Apparently he did not.

(Page 21)

"Q. Was the horn on Mr. Ellzey's car working?

"A. Yes, sir.

"Q. What kind of a horn has he?

"A. I don't know.

"Q. Well, would it blow loud?.

"A. Fairly loud.

"Q. How much did he blow it?

"A. Blew it a couple of times.

"Q. How close to the truck was he when he blew it?

"A. Must have been a hundred feet or more."

Under the above evidence and the authority quoted we think the defendant was liable for the act of the driver of its truck on the occasion of the accident.

Defendant further insists that plaintiff was guilty of contributory negligence in violating the speed ordinance of the town of Cedar Grove and of reckless driving that amounted to contributory negligence when he attempted to pass at a speed exceeding thirty-five miles an hour the truck on the left side of the road.

Under the evidence we do not think plaintiff was guilty of contributory negligence. His duty as traffic officer required him to take into his custody those who violate the speed ordinance and his task would be fruitless if he were prohibited from traveling at a rate of speed that would enable him to overtake one traveling at a prohibited rate of speed. Besides, the accident would not have occurred, notwithstanding the speed of plaintiff's car, if defendant's employee had not turned his truck to the left of the center of the road in front of the pursuing officer. It was not plaintiff's fast driving that caused the wreck but the truck driver's turning his car to the left of the center of the road that brought about the accident.

Whether plaintiff had a right to violate the speed ordinance of the town of Cedar Grove in order to overtake and put under arrest one who was violating that ordinance need not be passed on in this case; for under our view of the evidence the accident was caused by the driver of defendant's truck turning his car to the left of the center of the road in front of the traffic officer attempting to overtake and place him under arrest.

Defendant's third ground of defense that plaintiff's attempt to pass the defendant's truck at a high rate of speed was the proximate cause of the accident is not, we think, sound, for the reason that the evidence convinces us that it was the turning of defendant's truck to the left of the center of the road that was the proximate cause of the accident.

This brings us to the question of damages.

Plaintiff testified that his car at the time of the wreck was worth $1100 to $1200; that he paid for it, second-hand, $1340. He traded it in on a new car for $300. The District Judge allowed him for the damages to his car $700, and we think the evidence sustains this estimate of plaintiff's damage.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.

---

CARVER, J. In our original opinion we held that the proximate cause of the injury in the case was the act of the defendant's truck driver in suddenly turning to the left and that this was negligence for which defendant was responsible. We adhere to this view, but think we were in error in holding that such turning to the left was the sole proximate cause.

The act of the plaintiff in drawing alongside the truck was a concurrent proximate cause. If, therefore, his doing this without assuring himself that his signals had been heard was negligence on plaintiff's part, such negligence would bar recovery.

Plaintiff's counsel in their brief do not discuss this precise question, but contend, and in our original opinion we held, that in exceeding the speed limit himself the plaintiff was not guilty of negligence contributing to the injury for the reason, first, that his duty as a traffic officer required him to arrest speeders, to do which he must speed himself; and, next, that plaintiff's excess in speed did not contribute to the accident, which would not have happened, notwithstanding that speed, if the truck driver had not turned to the left.

We still think that plaintiff's speed had nothing to do with the accident, for which

reason it is unnecessary to express an opinion as to whether the courts have the right to except traffic officers from the provisions of town ordinances fixing speed limits where the ordinances themselves fail to do so, and recall what is contained in our original opinion on that subject.

Authorities are cited both ways on the question, some of which we have read, but without further investigation, which we think it unnecessary to make, we are unable to form a final opinion on it.

Plaintiff cites:

State vs. Gorham (Wash.), 110 Wash. 330, 188 Pac. 457, where a police officer was pursuing an automobile thief.

Defendant cites:

Keevil vs. Ponsford (Tex.), 173 S. W. 518.

Desmond vs. Basch, 92 N. J. 52, 108 Atl. 362.

State vs. Collins (Wash.), 167 Pac. 557.

But, as said above, we do think that plaintiff's drawing alongside the truck did contribute proximately to the accident. Was this negligence?

The ordinance permits cars to pass each other but requires the driver of the passing car to signal. Section 12 of the ordinance provides:

"Be it further ordained, etc., that upon signal that an oncoming vehicle desires to pass, all vehicles signaled shall pull over to the right and as near the curb as possible with safety, so as to permit the passing of such oncoming vehicle. "When one vehicle overtakes another, it shall pass to the left of overtaken vehicle and shall not return to right until clear thereof."

Of course, it goes without saying that in requiring the overtaking vehicle to signal, an effective signal is meant.

Mr. Wierick testifies that when plaintiff signaled he was 100 feet or more from the truck and that the truck driver apparently did not hear it.

Plaintiff's petition, in Article V, alleges that he was unable to attract the attention of the truck driver by any signal or noise.

It can hardly be contended that traffic officers are exempt from the duty of signaling, there being no reason why they cannot signal as well as others.

Without reference to the ordinance, though, we think ordinary prudence required him not to attempt to pass when it was evident that his signal had not been heard.

It may be claimed that plaintiff could have passed the truck driver safely but for the latter's turning to the left. This is true, but the driver could also have turned to the left without injuring plaintiff if the latter had not been there.

The need for plaintiff to pass and stop the truck driver was not, we think, so urgent as to justify his doing so without more effective signaling. A heavy truck traveling rapidly on a paved road or street, of course, makes considerable noise, and it is no wonder that the driver did not hear a horn blow 100 feet away.

Evidently plaintiff saw that his signals had not been heard, and we think his attempting to pass the truck without further signaling was negligence barring recovery.

In Lopes vs. Suhuque, 114 La. 1004, 38 South. 816, at page 1015, and again in Darasam vs. Kohlman, 123 La. 164, 48 South. 781, the Supreme Court held that while the violation of a statute may be negligence per se, yet it did not abrogate the ordinary rules relative to contributory negligence.

In the Darsam case the court quotes approvingly the following statement of the rule:

"The fact that defendant's violation of duty consists in the violation of a statute will not relieve the plaintiff of the obligation of showing that he was in the exercise of due care."

The main if not sole purpose of requiring the passing vehicle to signal is to notify the driver of the vehicle to be passed so that he may make way. If the signal is not given or so given as to be evident that it is not heard, it seems to us that the negligence of the passer in trying to pass is fully as great as that of the other party in turning to the left.

For these reasons it is decreed that the judgment of the lower court be reversed and plaintiff's demands rejected and his suit dismissed at his cost.