I agree with the majority opinion in so far as it concurs in the finding of the trial court that Mrs. Thompson was guilty of negligence in failing to see plaintiff approaching from the rear and in failing to give a proper signal for a left turn as required by statute, but I disagree with the majority opinion in holding that plaintiff was not guilty of such contributory negligence as to bar his recovery. In my opinion, the trial judge correctly held that the failure of the drivers of both cars to observe the laws of the road contributed and combined to cause the accident.
Whether or not we consider the fact that plaintiff attempted to pass Mrs. Thompson at the north fork of the intersection as a factor increasing the danger of passing at that point, it remains a fact that plaintiff attempted to pass her at a rate of speed from 40 to 50 miles per hour without giving any signal or warning whatever of his intention to pass. Mrs. Thompson was not going over 20 miles or so per hour, and plaintiff admits that she was slowing down. If her action in slowing down just before reaching the north prong of the intersection was not sufficient to put him on guard to watch the movements of her car, the statute itself, Rule 7 (b) of Section 3 of Act 286 of 1938, placed on him the duty of giving Mrs. Thompson an audible signal of his intention to pass.
While I agree with the statement made in the majority opinion that one of the purposes of requiring the driver of the overtaking car to give a signal to the driver of the forward car is to favor the driver of the overtaking car by causing the driver of the forward car to give way and make room for the rear car to pass, yet there is another purpose, equally as important, to warn the driver of the forward car so that he may not endanger his own safety by turning to his left and getting in the way *West Page 70 
of the on-coming car. The forward car has as much right to get over on the left side of the road as does the following car. Driving on the left side of the road is recognized as dangerous and for that reason the driver of the car who gets on the left side of the road to pass another car is required to take the precaution of giving proper signals.
Of course, if the actions of the driver of the forward car are such as to clearly indicate that he is aware of the intention of the driver of the following car to pass, there would be no need for the latter to give a signal. There is nothing in this case to show that the plaintiff was justified in assuming that Mrs. Thompson knew that he intended to pass her at that point.
In my opinion, the holding in the majority opinion is in conflict with the holding in the cases of Ellzey v. Booth Furniture and Carpet Co., Ltd., 2 La.App. 431 (on rehearing) pages 434, 435, and Dejean v. Beridon, La.App., 150 So. 25. It seems to me that the following expression of the court in the first of these cases is pertinent and applicable here: "The main if not sole purpose of requiring the passing vehicle to signal is to notify the driver of the vehicle to be passed so that he may make way. If the signal is not given or so given as to be evident that it is not heard, it seems to us that the negligence of the passer in trying to pass is fully as great as that of the other party in turning to the left."
The law is so well stated on this point by Blashfield, Vol. 2, Cyclopedia of Automobile Law and Practice, § 938, beginning at page 86, that I feel justified in quoting three paragraphs from that section as follows:
"An automobilist approaching a vehicle from the rear must exercise such care as a man of ordinary care and prudence would use under similar circumstances to give and communicate warning of his approach to the driver of a vehicle in advance. It is ordinarily provided by statute that the overtaking driver must give proper warnings, such as a signal with bell or horn, before undertaking to pass the other. These statutes should be liberally construed for the purpose of including such travelers as may be deemed to have been within the intendment of the Legislature.
"Under such statutes or ordinances as they are usually framed, the duty of the driver in front to go to the right arises only on notice from the driver of the rear vehicle, if the driver of the front vehicle is not otherwise apprised of the approach of the rear vehicle; and the driver in advance is not bound at his peril to know that the driver in the rear desires to pass. A failure to give this signal from the required distance is not negligence as a matter of law, however.
"In a country highway, if the driver of the rear car wants to pass the car in front of him, he must not only sound his horn, but, before he attempts to pass, he must be reasonably assured that the man ahead knew he was behind, had heard the request, and accorded the right of way, before the driver of the car in front can be charged with negligence in failing to give the right of way by reason of a usual use of the roadway."
The case of Cantrell et al. v. H.G. Hill Stores, Inc., La.App., 193 So. 389, relied on by plaintiff, involved an accident on a much traveled street in the City of New Orleans, and the reason given by the court in that case for absolving the truck driver in passing children on a bicycle from negligence for a failure to give a signal before passing the children was because as Blashfield says in the section above cited cars pass so frequently and continuously on a much traveled city street that the forward motorist is presumed to know that these cars may pass at any time without giving any signal.
In my opinion, the cause of the accident was the combined negligence of the drivers of both cars in failing to observe the plain and mandatory provisions of the law regulating traffic on the highways of the State, and the trial judge correctly so held.
I therefore respectfully dissent. *West Page 71