While plaintiff, Mrs. Marie F. Welcek, was viewing a motion picture in the Paramount *Page 579 
Theatre, owned and operated by defendant, Saenger Theatres Corporation, in the City of Alexandria, Louisiana, on the afternoon of June 4, 1940, an object of some sort fell from above, or was thrown and struck the fleshy part of her left forearm. She sued the corporation and its insurer, American Mutual Liability Insurance Company, for damages alleged to have been sustained by her from the accident. Mr. Welcek joined and sued to recover the amount of physicians', hospital and drug bills incurred in treating her. For a cause of action, it is alleged:
"That on or about the 4th day of June, A.D., 1940, at some time between the hours of two and four P.M., of that afternoon, the said Mrs. Marie F. Welcek, purchased a ticket of admission to the lower floor of the said Paramount Theatre, entitling her to a seat on said lower floor to view the afternoon performance of motion pictures, and having paid said admission and having been admitted to said theatre and occupying a seat therein, was entitled to view the performance in comfort and safety, without molestation or injury or any interference whatsoever.
"The petition of Mrs. Marie F. Welcek, now further shows that despite the same, while seated and without any fault or reason on her part, at some time before the hour of four P.M. of said afternoon, while she was so seated, without interfering with anyone, suddenly and without warning or prior intimation thereof, she was suddenly struck on the fleshy part of her left forearm, a very severe blow, and for the moment incapacitating her completely, and from which she immediately suffered severe pain and anguish, and became completely stunned, not only by the suddenness and unexpectedness of said blow, but also by the pain and severity of said injury."
* * * * * *
"Petitioner Marie F. Welcek, now further shows that she has no personal knowledge, at the present time, of what actually caused said injury, or what struck her while so seated in the theatre, but that she has been informed by employees of the theatre, that the injury was caused by the dropping or falling of a bottle from one of the theatre boxes, containing seats situated slightly to the side and above and on the second floor of the portion of the theatre where she was occupying her seat, and now shows that despite the duty and obligation of the said theatre to look after and provide for the safety and comfort of its patrons and to see that they are accommodated in a safe place, that the falling of said bottle was an act of the grossest neglect, recklessness and carelessness on the part of said theatre, and its employees, whether the said bottle was propelled by intentional force from above, or through accident or any other reason for same, and that the occurrence thereof is within the principle of res ipsa loquitur, in that same cannot be explained or accounted for by petitioners herein."
Plaintiffs appealed to this court from judgment sustaining exceptions of no cause and no right of action and dismissing the suit.
It is certain that unless the facts of this case warrant the application of the principle of res ipsa loquitur, no cause nor right of action is set up. Without the support of this principle plaintiffs' case falls flatly because they do not positively know what struck Mrs. Welcek nor do they know how it was propelled nor by whom. No inference of negligence arises from proof of an accident unless the circumstances warrant application of the doctrine of res ipsa loquitur.
If the case should be tried on its merits, under the petition's allegations, plaintiffs could only prove that while in the theatre as a paid patron, some object, perhaps a bottle, struck Mrs. Welcek's arm. This being true, would any inference of negligence on the part of the theatre operator arise? We feel sure it would not. Especially should this be true since it is not alleged nor intimated that the defendant, its agents or employees were responsible for the object being in the theatre or had anything to do with the throwing or falling of it; nor that they know who was responsible therefor. Plaintiffs simply say that Mrs. Welcek was hit by some object while viewing the picture, and that the theatre operator should pay the damages therefor.
The effort to hold the operator responsible in damages herein is predicated upon the very exacting laws governing the duties and obligations of theatre operators generally to their patrons. Such duties and obligations are well defined by law. They are likened to those imposed upon carriers and inn keepers, but are not *Page 580 
quite so strict or exacting. The following statement of the rule of law applicable to operators of theatres, shows, etc., which has been referred to, and, in whole or part, adopted by several decisions of this and other appellate courts, appears in 62 C.J., pages 867-868, paragraphs (53) D and (55) b, to-wit:
"It has very generally been declared that the proprietor of a theater or other place of public amusement, in order to bring himself within the requirement of the general rule heretofore stated, must exercise that degree of care which, under the same or similar circumstances, would be exercised by an ordinarily careful or prudent man. However, ordinary or reasonable care is always a relative term, and no absolute test can be given as to what constitutes the exercise thereof by a proprietor of a place of public amusement. This is necessarily so for the reason that due or ordinary care varies with the situation and circumstances in each particular case, although the standard of care remains the same. The care must be proportionate to the danger known or reasonably to be apprehended, and commensurate with the circumstances and risk of the situation, to protect patrons against injury. The greater the known or real apprehended danger, the greater the care required."
"The proprietor of a theater or other place of public amusement is bound to guard against dangers that could reasonably be anticipated and averted by the exercise of ordinary care, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance, and this is so although the precise injury could not have been foreseen. On the other hand, failure to anticipate and guard against dangers which are improbable and could not reasonably be anticipated is not negligence."
In the recent case of West v. Seigle Theatre et al., 200 So. 339, this court discussed extensively the care required and duties of theatre operators with respect to the protection and safety of their patrons, and held therein:
"Generally, as to those parts of a motion picture theater building and its equipment which are not per se or intrinsically hazardous, or from which ordinarily hazards do not arise, theater operator has duty of reasonable or ordinary care for the safety of his patrons, and is not an `insurer' of the safety of his patrons."
Plaintiffs, in brief, argue: "* * * that it was the duty of the theatre to provide a safe place for her as a paying patron, and that the falling of said bottle was an act of the grossest neglect, recklessness and carelessness on the part of said theatre, and its employees, whether the bottle was propelled by intentional force from above, or through accident or any other reason for same, * * *".
We are wholly at variance with the contention. Carried to its ultimate conclusion, it means that all portions of the upper seating departments of a theatre, such as balcony, boxes, etc., would have to be entirely screened to prevent the throwing or dropping of small objects by careless persons on to patrons below, if the operator would fully protect himself against such happening. Such a requirement certainly would be far beyond guarding against "dangers that could reasonably be anticipated and averted". No law or rule of civil conduct exacts such far reaching precautions. Surely, no one could anticipate the dropping or throwing of a bottle or other object in the theatre in such way as to injure any patron. This is illustrated by the extremely few cases wherein such was an issue.
The bottle in this case, assuming that plaintiff was struck by one, may have been an empty "hip pocket" flask, hurled or dropped by its owner after consuming its stimulating contents; or it could have been a milk bottle, inadvertently dropped, carried by a mother to appease the frettings of her babe while she enjoyed the picture. In either event, can it rationally be said that therefrom negligence or carelessness is imputable to the defendant operator? A negative reply seems obvious.
Discussing the principle of res ipsa loquitur in theatre cases, 62 Corpus Juris, page 879, Section 81, has this to say:
"In accordance with general principles elsewhere considered, where a patron of a theater or other place of public amusement is injured, and the thing that caused the injury is wholly and exclusively under the control and management of the proprietor, and the accident is such as in the ordinary course of events would not have happened if proper care had been exercised, its occurrence raises a presumption *Page 581 
or permits of an inference of negligence on the part of the proprietor, and casts on him the burden to introduce evidence sufficient to overthrow this inference or presumption, which he may do either by showing the actual cause of the accident so the jury can determine whether such cause could have been discovered by proper inspection, or by showing that the inspection made was so careful that no defect discoverable by inspection could have been overlooked. However, to render the doctrine applicable, it must appear that the instrumentality causing the injury was within defendant's control, and the mere fact of the accident itself does not warrant the application of the doctrine, as the presumption arises from the nature of the accident and the attending circumstances, and not from the mere fact of the accident itself; and the rule does not apply where there is no evidence to show how the injury occurred, since there must be something in the facts that speaks of the negligence of defendant, or where it appears from the evidence that plaintiff was guilty of negligence which not only accounts for the accident, but was the immediate cause of it."
By no stretch of the imagination can it be said that the instrumentality which injured Mrs. Welcek "was within defendant's control". Plaintiffs do not so contend. This doctrine is more peculiarly applicable in tort actions arising from accidents because of defective theatre buildings or the equipment therein. In such cases when plaintiff proves his right to be in the theatre when injured, the accident causing the injury and consequent damages, a prima facie case is made out. Res ipsa loquitur, under such facts, is applicable. To escape liability, defendant is then required to prove freedom from negligence on his part as the or a cause of the accident.
Appellants rely upon Lonatro v. Palace Theatre Company, reported in 5 La.App. 386. The facts of that case easily distinguish it from that at bar. There, the plaintiff, a patron in defendant's theatre, was injured by a bottle falling from above her. Exception of no cause of action was sustained by the lower court. On appeal judgment was reversed and the case remanded for trial on the merits. In passing on the exception the appellate court inter alia, said:
"We must therefore assume as true that the defendant `sold, or caused or allowed to be sold,' within the theatre and in the higher tiers pop in heavy glass bottles, and that an accident such as the one described in the petition from common knowledge and experience was likely to result from such a practice'. These allegations, in our opinion, disclose a cause of action. * * *"
Whether there was alleged a cause of action turned upon the fact that the theatre operator "sold, or caused or allowed to be sold" pop in bottles, one of which fell and struck plaintiff. Manifestly, in such circumstances it was the plain duty of the operator to spare no pains in his efforts to protect patrons from injury such as actually befell the plaintiff. It is evident from the language of the opinion that the exception would have been sustained on appeal had it not been alleged that the defendant "sold, or caused or allowed to be sold" in the theatre, pop in bottles, which were delivered to patrons. No such allegations appear in the petition in the present case. Res ipsa loquitur played no part in the decision. The cause of the accident and why it occurred were known to all concerned, according to the allegations.
In cases of this character, courts go far toward sustaining the sufficiency of the petition to the end that the facts, when developed on trial of the merits, might be of that degree of probative strength to justify a judgment for the plaintiff; but, in the present case we are unable to perceive that the proof which plaintiffs could adduce on trial of the merits would entitle them to judgment. No good purpose would, therefore, be subserved by remanding the case to the lower court for trial.
For the reasons herein assigned, the judgment appealed from is affirmed with costs. *Page 582