This is a suit for damages against the owner of a neighborhood motion picture show and his liability insurance carrier. Plaintiff, Mrs. Emily Master, alleges that, on November 16, 1939, she attended a performance at the Famous Theatre located at 1537 Marigny street in the city of New Orleans; that the theatre was very overcrowded, due to the fact that it was "Bank Night" at which cash prizes were awarded to the patrons by the management of the theatre; that patrons were permitted to stand in the aisles; that, at the conclusion of the first performance and the drawing of the prizes, she left her seat and, while proceeding down the center aisle of the theatre in making her way to the exit, she was pushed down by some of the other patrons, who were leaving the show at the same time and that, as a result, she suffered personal injuries consisting principally of a sprained thumb. She further alleges that the defendant owner of the motion picture theatre was guilty of negligence, in that he permitted the theatre to become overcrowded in violation of Municipal Ordinance No. 6112, Commission Council Series, which prohibits the proprietor of any theatre from allowing its patrons to stand or be seated in the aisles, lobbies, entrances or exits of the theatre, and in that he failed to provide a sufficient number of ushers to properly handle the numerous persons attending the performance.
After interposing an exception of no cause of action to plaintiff's petition which was overruled by the trial court, the defendants answered and denied that the operator of the theatre was guilty of any negligence whatever. They set forth that, on the night of the alleged accident, the theatre was not overcrowded and that a sufficient number of ushers were employed to adequately handle the patrons attending the show. They further pleaded in the alternative that, if the court should find that the operator of the theatre was at fault in any respect, then plaintiff was guilty of contributory negligence and that, at all events, she had assumed the risk with respect to the conditions obtaining at the picture show at the time of the accident. *Page 661 
After a hearing in the trial court on the foregoing issues, there was judgment in favor of defendants and plaintiff's suit was dismissed. She has appealed.
It is manifest, from a recitation of the pleadings in this case, that the question involved for determination is purely one of fact, as the law of the case is well settled. The owner of a theatre is not an insurer of the safety of his patrons. He is, however, liable for injuries sustained by them as a consequence of his neglect to keep his theatre in repair; for his failure to provide adequate safeguards for their use of the premises and for his failure to anticipate, and provide means to obviate, dangerous conditions which could be foreseen by a reasonably prudent person engaged in a similar business. See Wilson v. Iberville Amusement Co., La.App., 181 So. 817 and Brady v. Avenue Theatre Corporation, La.App., 194 So. 721.
This is not a case where a patron has been injured by any defect in the premises itself, as the accident occurred primarily through the fault of a third person, i.e., one of the patrons of the show who pushed plaintiff down while she was attempting to leave the theatre. Of course, this fact does not relieve the theatre owner from responsibility, if it be true, as plaintiff alleges, that he was guilty of negligence having causal connection with the accident by permitting the theatre to become unusually overcrowded and in failing to maintain an adequate staff to handle the crowd, when he should or could have anticipated that injury might occur under the conditions prevailing. Therefore, we direct our immediate attention to the evidence in the record to ascertain whether plaintiff has established her contention by a fair preponderance of evidence.
Plaintiff testified that she had been in the habit of attending the Famous Theatre every Tuesday and Thursday night when "Bank Night" was held; that, on the night of the accident, she arrived at the theatre early and seated herself near the center aisle so that she would be able to leave as soon as the prizes were awarded; that, while the moving picture was being shown, the theatre became overcrowded; that patrons were standing in the two side aisles but that there were none in the center aisle; that, as soon as the prizes were awarded, she got up and went to the center aisle with the intention of leaving the theatre; that, when she reached this aisle, there was a large crowd of patrons making their exit by that means and that some one pushed her to the floor causing the personal injuries for which she seeks recovery.
Plaintiff's testimony, with respect to the overcrowded condition of the theatre, is corroborated by her neighbor, Mrs. William Krey, who also states (in conformity with plaintiff's testimony) that there were no ushers in the theatre.
On the other hand, the evidence submitted by defendants' witnesses discloses that it was raining on the night of the accident and that the theatre was not overcrowded; that, according to the tickets which had been sold, no more than 1029 persons attended the two performances which were held that night; that the seating capacity of the theatre is 985 and that at least 300 of the total number of persons attending the two performances did not arrive at the theatre until the second show had started. These witnesses, Mrs. Alsina, the ticket seller, Alvus Neumann, the head usher, and Charles Domangue, a young boy who is employed to distribute circulars at the show, all state that the theatre was at no time overcrowded; that, while a few persons were standing in the side aisles, there were none in the center aisle; that, at the conclusion of the first show, the patrons leaving the theatre walked in an orderly manner and that there was no congestion whatever. In addition, the defendants proved that there were three ushers regularly employed to handle the seating and the deportment of the patrons. This, we think, was plainly an adequate number of employees for a theatre of this type.
Considering the testimony as a whole, we conclude that the plaintiff has failed to prove her charges of negligence by a fair preponderance of evidence. This was evidently the view of the district judge and we are unable to detect error in his finding. The fact that the owner of the theatre permitted a few of the patrons to stand in the aisle, in violation of the city ordinance relied upon by plaintiff, is of no moment in determining defendants' liability, as this violation obviously had no causal connection with the accident. In truth, plaintiff's injuries are directly due to the act of a third person who pushed her to the floor and it seems plain to us that the owner of the theatre could not be expected to anticipate that such an accident would *Page 662 
be likely to occur under the circumstances here presented.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.