50 So.2d 93 (1951)
JONES
v.
ALEXANDRIA BASEBALL ASS'N, Inc.
No. 7525.
Court of Appeal of Louisiana, Second Circuit.
January 5, 1951.
James Williams, Colfax, for appellant.
Gist, Thornton & Murchison, Alexandria, for appellee.
HARDY, Judge.
This is an action for damages resulting from injuries sustained by plaintiff when struck by a batted foul ball while in the course of watching a baseball game as a paid patron of defendant association at its baseball park in the City of Alexandria. Defendant responded to plaintiff's petition by filing an exception of no right or cause of action, which exception was maintained and plaintiff's demands rejected by judgment of the District Court. Plaintiff brings this appeal.
Pertinent facts alleged in plaintiff's petition are that plaintiff on the date set forth paid the regular and required admission fee to the game and at the time of the accident was seated on the second row of one of the bleacher sections behind a wire screen some ten feet in height; that some fourteen feet to the left and seven feet to the rear of plaintiff's position in the bleachers there was located a creosoted pole used primarily as a switch pole, that is, a location for the electrical switches controlling the *94 flood lights by means of the illumination from which the game in question was being played at night; that during the course of the game on the night of July 12, 1948, a foul fly ball was batted from home plate; that the course of the batted ball was observed by petitioner who noted that the ball would clear the screen and go well over his head to the left rear of his position; that he had no reason to anticipate the ball would strike an obstruction and, consequently, he did not observe the further course of the batted ball; that the ball struck one of the cross beams on the switch pole described, ricocheted therefrom and forcibly struck petitioner on the left jaw inflicting a severe fracture which resulted in the loss of several teeth.
On the basis of these allegations plaintiff contends that he was a paying patron entitled to assume that he was protected from hazards that might result from the athletic exhibition at which he was an innocent spectator; that the location of the switch pole was unnecessary, constituting a hazard known to the defendant only and a danger to spectators; that by reason of the improper location of the switch pole the defendant was guilty of gross negligence and, being under the highest duty of care imposed by law with respect to its invited and paying guests, as a consequence should be held liable for the damages sustained by petitioner.
Defendant contends that plaintiff's allegations charging defendant with negligence in the unnecessary placing and maintenance of the switch pole at the described location is purely and simply a conclusion and not in accord with the facts. We are heartily in accord. The playing of baseball games at night necessitates the use of structures and equipment for the purpose of carrying electrical current and operating the flood lights which illuminate the field.
Plaintiff's petition discloses the fact that the defendant association had taken reasonable precautions to protect its patrons against any ordinary or expected hazards. To conclude that the defendant was required to protect its patrons against every possible danger or hazard would be, in effect, to declare it the insurer of all spectators at its games. It is only reasonable to consider that almost all sports events and exhibitions comprehend certain risks and elements of danger to spectators. Those who patronize such events must assume the risk of injury unless carelessness or negligence with respect to the neglect of reasonable precautions is established.
Accepting the allegations of fact set forth in plaintiff's petition as true, we nonetheless are constrained to hold that they are insufficient to establish liability on the part of defendant.
The leading Louisiana case of Lorino v. New Orleans Baseball & Amusement Co., 16 La.App. 95, 133 So. 408, is cited by both plaintiff and defendant. Diligent counsel for plaintiff attempts to distinguish the Lorino case from the instant cause on the ground that Lorino voluntarily seated himself in a place which was unprotected from thrown or batted balls and therefore assumed the risk of resultant hazards and dangers. We are unable to accord such a limited and restricted construction as is contended for on behalf of this plaintiff. Our appreciation of the holding in the Lorino case, and analogous cases from other jurisdictions which are cited in the opinion, leads us to the conclusion that a patron at a baseball game must be held to assume the risk incident upon erratically thrown or batted balls. The structure, that is, the switch pole here involved, was a necessary and essential appurtenance and its placing and maintenance cannot possibly be attributed to carelessness or negligence on the part of defendant.
It seems to us that one of the accepted maxims of the game of golf is most appropriate in this instance and that defendant's injury is attributable to his own fault in failing to "keep his eye on the ball".
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.