62 So.2d 146 (1952)
RAMSEY et al.
v.
KALLIO et al.
No. 7890.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1952.
Joseph S. Guerriero, Monroe, for appellants.
Theus, Grisham, Davis & Leigh, Monroe, for appellees.
McINNIS, Judge.
This is a suit by Howard Ramsey and his wife for personal injuries alleged to have been sustained when they were assaulted by the defendant Rube Wright, a wrestler, when, it is alleged, he jumped out of the ring and beat them up. No service of citation was had on Wright.
Defendant Kallio filed exception of no cause and no right of action which was sustained and judgment was signed dismissing the suit. From the judgment plaintiffs prosecute a devolutive appeal.
The allegations of Plaintiffs' petition on which it is claimed Kallio is liable are that Kallio owns and operates a wrestling arena *147 on Walnut street in Monroe, and that Rube Wright is a wrestler who performs for profit and for Kallio's profit, and that on August 28, 1951 at about 9:00 o'clock P.M. Wright was engaged in a wrestling contest for the profit of Kallio, and that it is the duty of Kallio to protect spectators from harm from the wrestlers, that being a public duty under the law, when furnishing entertainment for profit; that plaintiffs had purchased tickets, and while seated near the ring, Wright, without any cause or provocation, jumped from the ring and attacked Mrs. Ramsey, striking her in the face, twisting her neck and punching her in the chest, and also struck Howard Ramsey in the mouth, splitting his lip and loosening his teeth.
From the allegations of the petition and from plaintiffs' brief, it appears that they are seeking to hold Kallio liable under the provisions of Articles 2315, 2316, 2317, 2320 and 2324, LSA-C.C., which so far as pertinent here, read as follows:
"Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *."
"Art. 2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
"Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. * * *"
"Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
In support of plaintiffs' contention the following cases are cited: Vincent v. Morgan's L. & T. Ry., 140 La. 1027, 74 So. 541; May v. Yellow Cab Co., 6 La.App. 514, Id., 164 La. 920, 114 So. 836; Ragras v. Douglas, 139 La. 773, 72 So. 242; Cusimano v. Spiess Sales Co., 153 La. 551, 96 So. 118; Ellzey v. Booth Furn. Co., 2 La.App. 431; Pitcher v. Boylan's Detective Agency, Orleans App. 8709; Vallon v. Illinois Central R. Co., Orleans App. 9005.
In all these cases the court found that the servant or employee was, at the time of the commission of the tort, engaged in the course and scope of his employment, though in the Vincent case the employee was performing his duty in an illegal manner.
Conceding arguendo that Wright was the employee of Kallio, he was not employed, so far as the allegations of the petition show, to assault spectators, or even to assist in keeping order among them, so we conclude that on this phase of the case the exception was propertly sustained. Hale v. Gilliland Oil Co., 151 La. 500, 91 So. 853; Valley v. Clay, 151 La. 710, 92 So. 308; Godchaux v. Texas & P. Ry. Co., 144 La. 1041, 81 So. 706.
If it is sought to hold Kallio liable under the allegation that it was his duty to protect spectators from any harm from the wrestlers, plaintiffs' position is no better. Givens v. DeSoto Bldg. Co., 156 La. 377, 100 So. 534; Welcek v. Saenger Theatres Corp., La.App., 5 So.2d 577; Master v. Alsina, La.App., 15 So.2d 660; Jones v. Alexandria Base Ball Ass'n, La. App., 50 So.2d 93; Black v. American Mutual Liability Ins. Co., La.App., 37 So. 2d 63.
Owners and operators of places of amusement are required to guard against such hazards as may reasonably be expected, but they are not insurers of people patronizing them. Kallio hardly had any reason to expect that Wright would jump from the ring and assault plaintiffs or any other spectator.
For these reasons the judgment appealed from is affirmed at the cost of plaintiffs, appellants, in both courts.