McBRIDE, Judge.
Plaintiff and Mrs. Patricia Edwards Lum were salesladies in the employ of Norman S. Corporation which operates a department store on Canal Street in New Orleans under the trade name “Sanders.” They worked in different departments of the store and neither was the superior of nor had authority over the other. On June 6, 1950, about 1 o’clock p. m., plaintiff and Mrs. Lum, as the result of a personal difference with which the employer had no. concern, engaged in an altercation which led to physical combat on the employer’s premises, and there resulted blows, kicking, and hairpulling, to say nothing of the bad language indulged in by the participants; apparently plaintiff cannot claim the distinction of being the victor for the record shows that she was the recipient of various and sundry injuries and had to be hospitalized.
 Mrs. Chesnut brought this suit to-recover $33,500 damages from Mrs. Lum and Norman S. Corporation in solido; in the alternative, plaintiff prayed for a judgment in her favor condemning Norman S. Corporation and its compensation insurance *689 carrier, Lumbermens Mutual Casualty Company, to pay her workmen’s compensation at the rate of $16.25 per week not to exceed 400 weeks. Mrs. Lum was never cited, and the matter proceeded to trial as to the other defendants, and the judge a quo rendered judgment in their favor dismissing the suit and plaintiff has appealed. The claim for workmen’s compensation has been abandoned by appellant and we now concern ourselves exclusively with the tort claim.
This suit was filed on the theory that as employer, Norman S. Corporation is responsible for the tortious actions of Mrs. Lum; the petition represents that Mrs. Lum’s conduct was within the scope of the employment and it is alleged in a supplemental and amended petition that Norman S. Corporation was negligent in continuing to employ such an incompetent and careless person as Mrs. Lum in that it knew or should have known of previous threats by Mrs. Lum to do bodily harm to at least one other employee of the store.
The employer was able to prove by undisputed testimony that Mrs. Lum had worked in its store for at least four months preceding the affray, during all of which time she acted with circumspection and gave no evidence of possessing a vicious or dangerous disposition, and it does not appear from the evidence that the employer knew or had any reason to believe that other employees would be endangered by the hiring of Mrs. Lum. No negligence at all has been, shown on the part of Norman S. Corporation in the selection of Mrs. Lum as its employee.
Counsel for plaintiff argues that Mrs. Lum was the aggressor and that this makes the employer liable under LSA-C.C. art. 2320, which provides:
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
“Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
“In ' the above cases, responsibility only attaches,: when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.”
Even if we concede that Mrs. Lum was the aggressor, still there is. no liability in the storeowner for it is patent that the beating administered Mrs. Chesnut by Mrs. Lum was not within the scope of the latter’s employment, the nature of which did not authorize her to commit a battery on another servant. Under the codal article the responsibility of the master for damages by the servant only attaches where it occurs in the exercise of the functions in which the servant is employed. Queen v. Schwann, 119 La. 495, 44 So. 276.
The judgment appealed from is affirmed.
Affirmed.