SAVOY, Judge.
This is an action in tort in which Leo Gol-mon, individually and on behalf of his minor son, Richard Lee Golmon, seeks damages for personal injuries suffered by his son, plus medical expenses. The defendants are Bringhurst Golf Course, Inc. and its liability insurance carrier, Fidelity and Casualty Company of New York.
*462 Plaintiff’s petition alleges that on or about August 8, 1960, his fifteen-year-old son was an invitee on the premises of the golf course in Alexandria, Louisiana, and that, while there, the boy was allowed by an employee of the golf course to fire a home-made pistol made from pieces of three-quarter inch pipe. The pistol exploded, resulting in traumatic amputation of the ring finger, and other injuries to his left hand. Plaintiff alleges negligence on the part of the golf course in furnishing the gun to his son; in having the gun on the premises; and, in improperly supervising the course so as to prevent the use of the gun.
Defendants answered plaintiff’s petition, denying liability on the ground that the golf course had nothing to do with the ownership or handling of the gun and knew nothing of its existence prior to the time of the accident. Alternatively, defendants pleaded contributory negligence on the part of plaintiff’s son.
After trial on the merits, the lower court, in a written opinion, rejected plaintiff’s demands and gave judgment in favor of defendants, from which judgment plaintiff has brought this appeal.
The evidence discloses the following facts. Bringhurst Golf Course, Inc. is a non-profit corporation which leased the golf course, a nine hole mashie course, from the City of Alexandria. The corporation’s president, a Mr. Trotter, was in charge of management of the golf course for the corporation. He stopped by the golf course once, or sometimes twice, daily. At the time of the accident, three employees worked at the course: a twenty-year-old man who maintained the fairways and greens, and two fourteen-year-old boys who worked during the summer and whose duties were to be at the club house, a small building about ten feet square, for the purposes of collecting green fees and renting golf clubs.
The home-made pistol was brought on the premises by J. Leonard Collier, Jr., one of the fourteen-year-old employees. The pistol remained on the premises for several days, and at times, various boys of the same approximate age fired the pistol by stuffing it with gun powder or match heads and then putting a lighted match to a touch hole in the top of the pipe forming the barrel. Sometimes the gun would be placed on the ground when fired, and at other times, it was held in the hand. On the day of the accident in question, plaintiff’s son fired the gun twice, holding it in his hand; the first time without harm, and the second time, it exploded.
No persons connected with the golf course, other than the young boys involved, knew of the gun or that any such activity was being carried on. The gun was, in fact, kept hidden in or about the club house.
Plaintiff argues that:
(1) The injury was inflicted on the premises of the employer;
(2) As long as an employee remains on the premises, it is only reasonable to assume that he is first there in the furtherance of his master’s business;
(3) It is, for that reason, very difficult for the employee to step beyond the scope of his employment;
(4) The employees operated the golf course even while shooting the home-made gun, as they necessarily had to be there in order to maintain and observe the use of the premises; and
(5) The incidents surrounding the use of the gun were inseparable from their employment.
In addition to the alternative plea of contributory negligence, defendants argue that the incidents surrounding the use of the gun were beyond the scope of the employment, and that, therefore, no liability attaches to defendants.
The rule of law applicable to a situation of this sort is set forth in Article 2320 of our LSA-Civil Code, making employers responsible for the damage occasioned by employees “in the exercise of the functions in which they are employed”.
*463 In his brief, plaintiff cites a number of cases in support of his contention that the unfortunate incident here involved occurred within the scope of the employment and therefore, liability would attach under the doctrine of respondeat superior. With that rule of law we agree, but we note that in the cases cited by plaintiff, the erring employee was either clearly within the scope of employment or recovery was denied for the reason that the court concluded that the act of the employee was not in the scope of his employment, as in Godchaux v. Texas & Pacific Railroad Company, 144 La. 1041, 81 So. 706. In that case recovery was denied on a claim based on an assault by a railway station agent whose duties had nothing to do with ejecting patrons from the station or acting in a police or guard capacity. Conversely, in Bordelon v. Great American Indemnity Company, (La.App., 3 Cir., 1960), 124 So.2d 634, recovery was granted to a newspaper delivery boy who was injured while riding on the fender of an automobile being driven by ' defendant’s office boy. While that method of delivery was specifically prohibited by the employer, the accident did occur during the act of delivery and was, therefore, held to be within the scope of the employment.
Defendant in the instant case relies on the following cases, and we think that they support'its position: Muro v. Norman S. Corp., d/b/a Sanders, (La.App., Orl., 1956), 85 So. 2d 688; and, Thomas v. Buquet & LeBlanc, Inc., (La.App., 1 Cir., 1960), 119 So.2d 129.
Aside from the various cases cited by plaintiff and defendants, we note the case of Ramsey, et al. v. Kallio, et al., (La.App., 2 Cir., 1952), 62 So.2d 146, in which recovery against the operator of a wrestling arena was denied when a wrestler had jumped out of the ring during a bout and assaulted spectators.
As illustrated by the Ramsey and Godchaux cases, supra, we cannot agree with plaintiff’s contention that, in the case at bar, the employees’ acts with regard to the home-made pistol were inseparable from their employment merely because they were on the employer’s premises and were available to perform the duties of their employment. In like manner, it goes without saying that the young lads had not been employed for any purpose remotely connected with the discharge of home-made firearms. Rather, they were employed to be present at the small club house to receive green fees and hand out golf clubs, simple tasks within the realm of their age and abilities, and which, in our opinion, would not reasonably require close supervision.
Counsel for plaintiff also contends that J. Leonard Collier, Jr. is an insured under the omnibus clause of the policy issued by defendant’s liability insurer in the instant case for the reason that the omnibus clause of the policy states, in part, that the unqualified word “insured” includes:
“ * * * any organization or proprietor with respect to real estate management for the named insured.”
Counsel for plaintiff cites no authority in support of his position, and after a review of the facts in the instant case, we are of the opinion that the duties of the said J. Leonard Collier, Jr. were of such a nature that he was an employee of the corporation rather than the proprietor managing real estate, and consequently, the omnibus clause of the policy is not applicable to the instant case.
Having come to the conclusion that the defendants are not responsible under the doctrine of respondeat superior, it is not necessary to discuss the alternative plea of contributory negligence pled by defendants in the instant case.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.